MARY E. SHORTER, plaintiff in error, v. MOORE, TRIMBLE & COMPANY, defendants in error.

1. SATISFACTION OF JUDGMENT—LIENS—AFFIDAVIT.*—Where there was a judgment against S., a garnishee, in a suit in favor of T. & Co. against H., and S. after the judgment, pays the money to a judgment in favor of B. against H., of older date than the judgment of T. & Co. v. H., S. having also been served with summons of garnishment in B.'s suit v. H.:

Held, That this was a satisfaction of the judgment of T. & Co. v. S., unless it be shown that B.'s judgment was not, in fact, the oldest lien, and the whole question of the payment, and which of the judgments was, in fact, the oldest, may be inquired into on an affidavit of illegality by S., setting up the payment to the oldest judgment.

2. AFFIDAVIT—PRACTICE—EVIDENCE.—Where the Judge of the Superior Court required the affiant in an affidavit of illegality to an execution, which affidavit was quite voluminous, to make a brief of the grounds taken in the affidavit, in the shape of a motion, this was not such error as this Court will correct, it being mere matter of practice, for the convenient transaction of the business of the Court. But in so doing, if a material allegation in the affidavit is not included in the brief, it is error in the Court to reject evidence going to support it, and confine the defendant to the brief.

Illegality. Practice. Garnishment. Before Judge Johnson. Muscogee Superior Court. May Adjourned Term, 1870.

---

*LIENS—OLDEST JUDGMENT TAKES THE FUND.—Where money is brought into court under an execution issued upon a judgment against a garnishee, the oldest judgment against the defendant takes the fund. Shorter v. Moore & Co., 41 Ga. 691; Code, § 3545; Garrard v. Moffett, 51 Ga. 93.

A fi. fa. in favor of Moore, Trimble & Company, for $211 00, besides interest and costs, against Mary E. Shorter, *was levied upon "that part of lot number sixty-four, with store-house thereon, occupied by Thomas E. Blanchard as a dry-goods store, on west side of Broad street, and known as store number one hundred and twenty-three," as her property. She made an affidavit that said fi. fa. was proceeding illegally, upon the following grounds. 1st. The fi. fa. does not follow the judgment on which it is founded. 2d. The levy does not locate the property in any county, city or State. 3d. The fi. fa. is founded upon a judgment against Mary E. Shorter, as garnishee, taken in the County-Court of said county, on the 14th of March, 1868, which garnishment was at the instance of plaintiffs in fi. fa. in a suit against Horbach & Kerr; they sued on the 23d of December, 1866, on the 26th of December, 1866, served her with said garnishment, and she answered, admitting indebtedness to Horbach & Kerr for said amount; on the 10th of September, 1867, Moore, Trimble & Company entered up a judgment against Horbach & Kerr for $1,679 75, from which Horbach & Kerr appealed. Then Kerr pleaded that he was not partner of Horbach, and subsequently plaintiff's counsel struck out Kerr's name, and, on the 16th of November, 1867, Horbach confessed a judgment. On this confession no judgment was ever entered up. And in this state of the papers, on the 14th of March, 1868, judgment was rendered against Mary E. Shorter, as garnishee, as aforesaid. That Barnard & Company sued Horbach individually, and also garnisheed Mary E. Shorter. They obtained a judgment against Horbach on the 17th of September, 1867. Mary E. Shorter filed no answer to this garnishment, and being advised that Barnard & Company's judgment would protect her from the garnishment by Moore, Trimble & Company, and that a judgment nunc pro tunc against her would be taken, she paid Barnard & Company said amount of her indebtedness, and by this discharged herself from Moore, Trimble & Company's garnishment.

When the cause was called for a hearing, the Court required counsel for Shorter to submit a motion in writing touching the issues made on said fi. fa., though it was insisted *by them that a motion was unnecessary, because the affidavit brought the issues properly before the Court. Under the Court's order they moved to quash the fi. fa., upon the grounds that it did not follow the judgment, and because the judgment upon which it was founded was a nullity and void, and because the levy was too uncertain as aforesaid. Plaintiff's counsel joined issue on the first two grounds and demurred to the last. The Court sustained the demurrer, and ordered the issue as to the first two grounds to be tried.

On the trial her attorneys "offered to read affidavit of legality

which the Court excluded." They then read in evidence the records showing all the facts stated in said third ground of the affidavit of illegality, except that it does not appear that any judgment was ever entered against her as garnishee or otherwise in Barnard & Company's case, and that the judgment in this case was against her, stating that she was garnishee. By other records it appeared that others had been garnisheed by said several plaintiffs, certain money was raised out of these other garnishees by the sheriff, and upon a contest between Moore, Trimble & Company, and Barnard & Company, this money had been paid to Barnard & Company, under an order of Court passed on the 5th of December, 1868. All these records were read in evidence, and then her counsel announced their cause closed. Before any other step was taken her counsel proposed to prove that said contest over said money in the hands of the sheriff was a test case, and that after that was decided in favor of Barnard & Company, she paid up all she owed as garnishee as aforesaid to Barnard & Company, believing it was right to do so because their judgment was the oldest. The Court rejected this evidence upon the ground of immateriality and because it was offered too late.

Counsel for plaintiff in error introduced no evidence. After argument of the Court, without referring said issues to a jury, refused to quash said fi. fa., and ordered it to proceed. Her counsel say that the Court erred in compelling them to make said motion; in not allowing the reading of the affidavit of illegality; in refusing to allow the evidence offered after she *had announced her cause closed; in withdrawing said issues from the jury and deciding as he did on the issues, and in sustaining the demurrer as to the levy.

Chappell & Russell, for plaintiff in error.

Peabody & Brannon, for defendants: As to the form of the judgment, cited Code sections 3510 to 3518; 17th Ga. R., 289; 19th, 579; 26th, 163, and said she was concluded by the judgment against her: Code, section 3621; 8th Ga. R., 145; 22d, 570.

McCAY, J.

The affidavit of illegality filed in this case sets forth facts as a reason why this execution is proceeding illegally, which if true show that the judgment is satisfied. It states, in substance, that there were two judgments against Horbach, one in favor of Barnard & Company, and one in favor of Moore, Trimble & Company. That during the pendency of the suits, summons of garnishment had been served upon her in both the cases, and that judgments had gone against her on her answer as garnishee in both cases. Clearly, she is not bound to pay them both, nor is such the effect of judgments against garnishees on their answers. It is the right of each plaintiff, as soon as he gets a judgment

Shorter v. Moore, Trimble & Co

against his debtor to take a judgment against the garnishee. See 3491 Revised Code. It is an ordinary case, that a half dozen judgments of this character go against the garnishee for the same debt. The true effect of such a judgment is that the money shall be paid into Court for distribution, and it is clear that one payment of that sort satisfies all the judgments.

Mrs. Shorter did not pay the money into Court, nor to the sheriff: she took the responsibility of paying it to what she thought was the oldest lien upon it. It was a dangerous thing to do, as she took the risk of having to pay it again, if the Barnard & Company judgment was not, in fact, the *superior lien. Yet, if that judgment is, in fact, entitled to the money, she cannot, as we think, be required to repay it.

It is said that the money ought to be paid into Court; that the plaintiffs, in his fi. fa., desire to contest the priority of the Barnard & Company judgment. We see no reason why they cannot do this just as well in this issue as though the money was in the sheriff's hands. It will be a complete reply to the fact stated, that the money was paid to the oldest lien, if, in truth, it can be shown that it was not the oldest lien. That is the point of the affidavit. If that is successfully controverted, we think the illegality must fail.

An affidavit of illegality, under our system, if the facts are set forth, may bring up any good reason why it will be illegal to raise the money. Revised Code, 3614.

We think the defectiveness of the levy does not amount to much. It is very easy to see what property is described. Nor are we satisfied that the execution does not follow closely enough to the judgment. We incline to think it does. Nor is the judgment void. It is irregular. It recites a fact that is not true, but we incline to think that it is too late to object, that the judgment is conclusive. We do not, however, decide this latter question, as it is not necessary.

2. We do not find any fault with the Judge for requiring the affiant to reduce the points of the affidavit into briefer language for the clearer comprehension of the Court and jury. But we think the Court erred in confining her too rigidly to the brief. The law requires and authorizes an issue to be made upon the affidavit. We admit that the motion, strictly construed, only presents the proposition that the judgment is null and void, and that, under a strict construction of it, the issue of satisfaction presented in the affidavit was not included. But the real questions here were those made in the affidavit. The motion is only a brief of it, for convenience, and we think the Court erred in not permitting the affiant to go into the issue of satisfaction, that issue being, in fact, distinctly presented in the affidavit.

Judgment reversed.