Wimberly vs. Adams.

LEWIS WIMBERLY, plaintiff in error, *vs.* EDWARD A. ADAMS, defendant in error. ·

Where a judgment was obtained against a principal and security on a promissory note, and an appeal was entered by the defendants, the security filing a plea of *non est factum*, and pending the appeal it was agreed by the plaintiff that if the security would withdraw his appeal and permit the judgment below to stand, he, the plaintiff, would look to the principal alone for the payment of the judgment:

*Held*, that on the withdrawal of the appeal, the security was relieved, and that he might set up this relief by an affidavit that the execution issued on the original judgment, was proceeding illegally, and setting forth the facts of the agreement and his action thereon.

Principal and security. Illegality. Before Judge JAMES JOHNSON. Talbot Superior Court. September Term, 1873. ·

On March 29th, 1867, an execution issued from Talbot superior court, in favor of Edward A. Adams, against Simon T. Veile, as principal, and Lewis Wimberly, as security, for $1,028 92 principal—$789 00 interest and costs, which was levied upon certain lands as the property of Wimberly. The latter filed an affidavit of illegality, to the effect that at the March term, 1867, of said court, the case in which the judg-

Wimberly *vs.* Adams.

ment was obtained, upon which said execution was based, was pending upon the appeal; that he had filed the plea of *non est factum;* that the plaintiff agreed with him that if he would dismiss his appeal he would release him from all further liability on the note sued on; that with this understanding he dismissed the appeal; that the plaintiff, in violation of this agreement, has had the aforesaid execution issued and levied upon his property.

The case was submitted to a jury upon the issue thus formed. The evidence sustained the facts set forth in the affidavit of illegality.

When the testimony was closed the court announced that he would try the case himself, and thereupon dismissed the affidavit of illegality. To which ruling the defendant excepted.

M. H. BLANDFORD; E. H. WORRILL, for plaintiff in error.

WILLIS & WILLIS, for defendant.

McCAY, Judge.

It was insisted at the hearing of this case that the agreement set up in the affidavit was without consideration, that the plaintiff got nothing for the release, and that it is, therefore, void. But we think otherwise. In the first place, it is not necessary that the plaintiff should have got a benefit. The defendant, by agreeing to withdraw his plea, lost his defense of *non est factum*, and withdrew the appeal, and under the law this loss to him was a valuable consideration. Besides, the plaintiff got clear of the appeal. He got the right to go on immediately against the principal, and to go on, too, with a judgment ranking in dispute with other judgments, as a judgment dated at the time of the judgment appealed from. So that there was not only loss to the security but advantage to the plaintiff, and the security having acted upon the agreement by having the appeal withdrawn, it would be permit-

Wimberly *vs.* Adams.

ting the plaintiff to entrap him, to allow him to repudiate his agreement. The real difficulty about the case, however, is that the argument is a specious one which claims that the facts show an effort to set up a cotemporaneous parol agreement, that a judgment then taken shall not be enforced—an effort to go behind the judgment and attack it by an affidavit of illegality. But this is rather specious than sound. The appeal was an effort to alter the original judgment—the attack made is not on the judgment taken in pursuance of the agreement but on the original judgment. And the attack is by setting up facts which occurred after it was taken. The appeal vacated it only for certain purposes. So far as concerned the investigation on the appeal, the original judgment was vacated, but it still remained as a lien on the defendant's property, and with the capacity of operating in full force if the plaintiff should dismiss the appeal for informality or for want of security, or if the defendants should, by their own motion, withdraw it. And in this case the agreement to withdraw the appeal was an agreement that the original judgment should stand. This whole agreement was by parol, and when executed by the defendants, the original judgment, thus relieved of the appeal, stood of full force, except as the agreement provided, from its date. It became a judgment as of the date at which it was entered up. So that at last the agreement is subsequent to it. To permit the plaintiff, if the facts are as defendant contends, to repudiate his agreement would be to aid him in the commission of a fraud. And courts, in an attack against fraud, do not hesitate to break through even those rules which hedge round the sanctity of judgments and specialties against parol evidence. We think the court should have allowed the case to go to the jury on the facts, and if the jury should agree with the defendant's plea as to the facts, we think that he is discharged.

Judgment reversed.