GOODRICH *v.* THE ATLANTA NATIONAL BUILDING AND
LOAN ASSOCIATION.

ATKINSON, J.—1. That an action is prematurely brought, is a defense which is not available under the plea of the general issue. Such an issue must be presented either by plea in abatement to the writ, or by motion for nonsuit; but if the fact appear on the face of the record, it may be made by demurrer.

2. The pleas alleging usury, and which were stricken, on motion, by the court, containing no averments of fact which take the present out of that class of cases in which, according to the rulings of this court, contracts purely mutual between the members of building and loan associations, where each member takes an interest in the several contributions to a general fund, are held to be not usurious, were therefore properly stricken.

3. As a general rule, coverture, according to the principles declared by this court in the cases of *Hays* v. *Jordan*, 85 *Ga.* 741, and *Schofield* v. *Jones*, *Ibid.* 816, no longer operates as a limitation upon the power of a married woman in this State to make contracts, whether she be possessed at the time of a separate estate or otherwise; and she may make any contract into which she is not prohibited to enter by positive law.

4. Where to an action upon a bond given to secure the payment of a sum certain and other items to be thereafter incurred, but which could not be stated at the time the bond was given, which bond contains a stipulation for the payment of attorney's fees, the defendant files a plea of the general issue, and upon the trial the jury find for him as to some of the items charged, his plea is, in contemplation of law, sustained, and the plaintiff, under the act of July 22d, 1891 (Acts of 1890–91, vol. 1, p. 221), is not entitled to judgment for attorney's fees. Direction is accordingly given, that the attorney's fees allowed by the verdict be written off, and the judgment stand otherwise affirmed, with costs against the defendant in error.          *Judgment affirmed, with direction.*

July 8, 1895. By two Justices.

Complaint. Before Judge CLARK. DeKalb superior court. August term, 1894.

Mrs. Goodrich, being a member and stockholder in the building and loan association, procured an advance of $1,000 from it, and gave her bond conditioned to be void if she should pay to the association so long as it should continue to exist, or as provided in the by-laws,

$5 monthly installments on her stock on which the advance was procured, and $4.25 monthly as interest and premium on said advance, etc.  She also made a deed conveying certain realty to secure the repayment of the loan, "as well as all cost of collection and ten per cent. attorney's fees incurred by the association in enforcing its rights hereunder," etc.  Having failed for seven months to pay the installments, interest and premiums, suit was brought against her on the bond, for $1,169.44, this being the amount due by her according to the by-laws of the association, after deducting the value of the stock borrowed on.  She pleaded the general issue, and filed two special pleas which were stricken; these setting up usury in the contract, and that she was a married woman and as such was not a free trader and had no right to subscribe for the stock or to make the contract sued on.  It appeared on the trial, that the amount of interest and premium on the advance was by mistake written in the bond as $4.25, when it should, according to the by-laws, have been written $8.50; and counsel for plaintiff announced that he asked for no recovery except for the amount stated in the bond.  The verdict was for $1,029.54, with interest, and $107.17 attorney's fees.  Defendant assigned error:

1. On the refusal of the court to charge the jury as to her contention that plaintiff had no right to sue at the time the suit was brought, she claiming that at said time she was not in default, according to the terms of the bond.

2. In striking the special plea of usury, which alleged, "that the interest amounts to more than seven per cent. per annum on the loan made, to wit, 11 1-5 to 12 1-2 per cent. per annum"; that "the scheme by which she borrowed the money was a scheme to avoid the usury laws of this State, and the contract usurious; and the usury specified is, that the plaintiff charged between

11 and 12 1-2 per cent. per annum as interest on the sum borrowed; that the said plaintiff did reserve and take, and did contract to reserve and take, directly and indirectly, a greater sum for the use of the money borrowed than the lawful interest, and the same is so included in the contract sued on in the case."

3. In striking the other special plea; and in refusing to charge the jury, that "a married woman cannot become a member of an association such as is claimed by the plaintiff in the case; a married woman cannot bind her separate estate by entering into the association as a member thereof, and she cannot therefore be held to account for dues and fines on the shares of said stock."

4. In so charging as to allow a recovery for attorney's fees (defendant having pleaded the general issue), when it appeared from plaintiff's testimony that the amount of monthly interest and premiums charged in the account attached to the declaration varied from the amount stated in the bond.

THOMAS W. LATHAM, for plaintiff in error.
MALCOLM JOHNSTON, contra.