SOUTHERN RAILWAY COMPANY *v.* DANIELS.

LUMPKIN, P. J.  A defendant against whom a judgment was rendered after he had been duly served has, in legal contemplation, "had his day in court," and "can not go behind the judgment by an affidavit of illegality." If the judgment was rendered in a justice's court and the defendant was, by the plaintiff's fraud unmixed with negligence on the defendant's part, deprived of a hearing, and after the discovery of the fraud no remedy other than a resort to equity was available, a petition to set aside the judgment would lie. Civil Code, §4742. And see *Brewer* v. *Jones*, 44 *Ga.* 71; *Hood* v. *Parker*, 63 *Ga.* 510; *Tumlin* v. *O'Bryan*, 68 *Ga.* 65, 66.
                                *Judgment affirmed. All the Justices concurring.*

Argued October 25, — Decided November 30, 1897.

Affidavit of illegality. Before Judge Smith. Telfair superior court. April term, 1897.

To an execution issued by Thomas J. Wooten, J. P. of the 1485th district G. M., against the Southern "Railroad" Company, for certain sums which it stated were "adjudged against them," as principal, interest to date of judgment, etc., "upon a damage suit at the J. P.'s court held in and for the 1485 district G. M., on the 7th day of August, 1896, in favor of Benj. H. Daniels," the Southern Railway Company interposed an affidavit of illegality upon the grounds: (1) That the Southern Railway Company has never had its day in court, for the plaintiff agreed with deponent (an attorney at law for the defendant) that the case should not be tried at the August term of said court, but that the same should be continued for the purpose of allowing the defendant to settle the same. Said agreement was made in the presence of T. J. Wooten, N. P. & ex-off. J. P., in and for said district, and was agreed to and approved by him. Acting under said agreement deponent did not attend said court and represent the defendant. (2) That deponent is advised and believes there is no judgment rendered

upon the suit of B. H. Daniels against the Southern Railway Company in the justice's court, as a foundation for the issuing of said fi. fa.

Counsel for the plaintiff moved to dismiss the affidavit of illegality, upon the ground that the court had no right to go behind the judgment and entertain the same. The magistrate sustained the motion. Defendant carried the case to the superior court by certiorari. The judgment of the magistrate was affirmed, and defendant excepted.

*DeLacy & Bishop*, for plaintiff in error.