MONROE *v.* SECURITY MUTUAL LIFE INSURANCE CO.

1. The proper office of an affidavit of illegality to an execution is not to attack the validity of the judgment, where the defendant has had his day in court, but to resist the execution on account of some injustice in the party who seeks to enforce it.

2. A defendant may resist the levy of an execution by affidavit of illegality, by showing an agreement between the plaintiff and himself, entered into contemporaneously with or prior to the rendition of the judgment, whereby it was stipulated, upon a sufficient consideration, that the judgment might be subsequently discharged upon performance of certain acts by the defendant, and by showing that the defendant has performed those acts, since the judgment, comformably to the terms of the agreement.

3. The defense set up in the illegality was that the plaintiff, an insurance company, instituted a suit against A as principal and the affiant as security, and that at the trial term the plaintiff and the affiant agreed upon a settlement of the case, by the terms of which the affiant was to withdraw his defense to the suit, and judgment for the amount claimed by the plaintiff in the suit was to be taken against A as principal and the affiant as security, and the execution to be issued on the judgment was to be transferred to the affiant upon his executing to the plaintiff a note for a named amount, due October 1 thereafter, and giving to the plaintiff an application for a policy of insurance in the sum of $3,000 on the life of the affiant, upon which application the plaintiff promised to issue a policy of insurance; that upon this agreement the affiant abandoned his defense, and judgment was taken in conformity with the agreement. *Held,* that the defense thus attempted to be set up was fatally defective, in that it was not alleged that the affiant had complied with the terms of the settlement.

4. This defect was not remedied by an amendment alleging that the plea filed by affiant in the original case averred a good and valid defense, and that the note contracted to be given was actually made and delivered to the plaintiff, and accepted by it in accordance with the agreement. The affiant should have further alleged his compliance with the terms of the agreement relative to making the application for the policy of insurance, which he bound himself to do.

Submitted July 18, 1906.—Decided February 14, 1907.

Illegality. Before Judge Smith. City court of Valdosta. January 17, 1906.

*G. A. Whitaker* and *Wilcox & Patterson,* for plaintiff in error.

EVANS, J. The nature and scope of the grounds of the affidavit of illegality are so fully embraced in the headnotes that a more elaborate statement of the facts is unnecessary. The defendant does not attack the validity of the judgment; the object of this il-

legality is not to be delivered from an unjust judgment by setting it aside, but to resist the execution on account of the alleged injustice of the plaintiff who seeks to enforce it. A defendant may resist an execution by successfully showing that he had a good defense to the suit, which he was induced to abandon because of an agreement with the plaintiff that the judgment to be rendered was to be discharged against him upon his doing certain acts subsequent to the judgment, and that he had performed such acts conformably with his agreement. "An affidavit of illegality, under our system, if the facts are set forth, may bring up any good reason why it will be illegal to raise the money." *Shorter* v. *Moore,* 41 *Ga.* 691, 695. The withdrawal of his defense is sufficient consideration to support the contract that the judgment is not to be enforced against him upon his compliance with the terms of the agreement. The agreement does not contemplate any attack on the judgment, but is a contract to discharge it by performing certain acts subsequent to the judgment. It would be inequitable and wrong to permit a plaintiff to induce a defendant to withdraw a valid defense upon the plaintiff's consent that the judgment might be subsequently discharged in a particular way, and then, upon the defendant's doing or offering to do the acts agreed on to discharge the judgment, to repudiate the agreement. Such a defense is available by affidavit of illegality. *Wimberly* v. *Adams,* 51 *Ga.* 424. But the defect in the affidavit of illegality under consideration is that affiant fails to allege compliance on his part, either in the original affidavit or in the amendment which was rejected by the court. Even if the court had allowed the amendment indicated in the last headnote, as there pointed out the affidavit would have been still defective. Accordingly there was no error in dismissing the affidavit on demurrer.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*