### MONK *v.* FOY.

FISH, C. J. · Foy obtained a judgment against Monk for $107 and for the recovery of the north half of a described city lot. Execution issued for the $107, and was levied upon the property of the defendant. He interposed an affidavit of illegality, the substance of which was, that, within a short time after the levy, the plaintiff and the defendant entered into a parol contract by the terms of which the defendant agreed to pay the plaintiff $625 in full settlement of the judgment, and that the plaintiff was to have the fi. fa. marked satisfied, and to convey to the defendant the portion of the lot recovered from him. The defendant paid $1 as part of the consideration of $625, for which the judgment was to be settled. No time was stated when the balance, $624, was to be paid. The plaintiff sold and conveyed the portion of the lot in question to a third person, and therefore could not make a title to the same to defendant. The defendant could not say whether such third person had notice of the contract between the plaintiff and the defendant. It was not stated in the affidavit of illegality that any tender had ever been made by the defendant to the plaintiff of the $624. According to the ruling made in *Hawkins* v. *Studdard,* 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190), and 136 *Ga.* 727 (71 S. E. 1112), the balance of $624 was due and payable at once; and it not appearing that the plaintiff sold and conveyed the portion of the lot before the defendant had an opportunity of paying or tendering the balance, the affidavit of illegality, for this reason, if for no other, set forth no reason why the fi. fa. should not proceed. Accordingly the court did not err in dismissing the same on demurrer.

*Judgment affirmed. All the Justices concur.*
NOVEMBER 14, 1912.

Illegality of execution. Before Judge Thomas. Tift superior court. December 6, 1911.

*John J. Murray,* for plaintiff in error.