## 5115.   COOPER *v.* RICKETSON.

1. A stipulation in one of a series of promissory notes, that it will become due and payable if default is made in the payment of any of the notes, is valid.

2. If a suit is prematurely brought, objection should be made by demurrer, if the defect appears in the petition, or, if not, by plea in abatement. A judgment in favor of the plaintiff in such a case can not on that ground be attacked by an affidavit of illegality.

3. Where in an act establishing a city court it is provided that the sheriff of the county shall be ex-officio sheriff of the city court, and before entering upon the discharge of his duties as such sheriff shall execute a bond payable to the Governor and approved by the judge of that court and entered on the minutes thereof, and the sheriff of the county executes a bond payable to the Governor and has it approved by the county commissioners and the ordinary, and files the bond in the office of the ordinary, and thereafter, for years, without objection on the part of any citizen of the county, discharges all the duties of the office of sheriff of the city court, his official acts as sheriff of that court are not open to collateral attack. He is at least a de facto officer, having in good faith attempted to qualify himself, as required by law, to perform the duties of his office.

DECIDED DECEMBER 9, 1913.

Affidavit of illegality; from city court of Bainbridge—Judge Spooner. June 30, 1913.

*W. V. Custer,* for plaintiff in error.

*Wilson, Bennett & Lambdin, W. M. Harrell,* contra.

POTTLE, J.   Ricketson brought suit against Cooper, returnable to the March term, 1910, of the city court of Bainbridge, upon three promissory notes.   No one of the notes appeared on its face to be due at the time the suit was filed, but in each note there was a recital that it was one of a series of notes, and that the failure to pay any one of the notes or the interest due would operate to mature all of the notes.   The petition alleged generally that the defendant was indebted to the plaintiff in the amount of the notes sued on, and recited that the notes sued on were of a series of nine notes, all executed for the purchase-price of a certain plantation, upon the agreement that the failure to pay any one of the notes would mature all of them.   In the 8th paragraph of the petition it was alleged that time was of the essence of the contract, and that all of the notes were just and legally due.   In the 10th paragraph it was distinctly alleged that one or more of the notes of the series was past due and unpaid, and that this operated to mature all of the notes.   Personal service of the petition was made on the defendant by J. H. Emanuel, sheriff.   No defense was filed at the March term, and the following judgment was entered:  "There being no issuable defense filed in the above-stated case on oath nor affirmation, it is hereby ordered, considered, and adjudged by the court that the plaintiff, J. E. Ricketson, recover of the defendant, C. R. Cooper, the principal sum of $1,500, and the further sum of $390 interest to date of this judgment, and all future interest at the rate of eight per cent. per annum after the date of this judgment, and costs of this proceeding.   This the 16th day of March, 1910.   [Signed] Rich & Nelson, attys. for plaintiff.   W. M. Harrell, Judge, City Court of Bainbridge."   Execution was issued on the judgment and levied upon certain property of the defendant. Thereupon the defendant interposed an affidavit of illegality, alleging that the execution was proceeding illegally because the defendant had not been legally served, by reason of the fact that J. H. Emanuel had not qualified as sheriff of the city court of Bainbridge by executing the bond required by the act of the General Assembly establishing that court.   Other grounds of the affidavit of illegality were, that the judgment by default was upon a conditional promise to pay money, and was entered by the court without the intervention of a jury or tender of proof; and that the court was not lawfully in session, because the minutes of the court had not been read

as required by law. The affidavit of illegality was amended without objection, and in the amendment it was alleged that no service had been legally perfected upon the ·defendant, and that the city couit of Bainbridge had no jurisdiction of the suit; that judgment was rendered by the city court of Bainbridge at the appearance term, without the intervention of a jury and without the introduction of evidence, upon a conditional contract. Thereupon the plaintiff demurred to the original and amended affidavit of illegality, upon the ground that no sufficient reason was alleged why the execution was proceeding illegally, and upon the further ground ·that the allegation that the city court was without jurisdiction was too vague and indefinite. The plaintiff also traversed the truth of the allegations of fact in the affidavit of illegality. The case was submitted to the judge without the intervention of a jury, and he entered an order overruling the affidavit of illegality and ordering the execution to proceed. At the trial the defendant abandoned that ground of the original affidavit of illegality and of the amendment thereto which raised the point that the judgment without the intervention of a jury or the tender of evidence was void because the notes sued on were conditional contracts. This point having been abandoned, there are only two points left for decision: (1) whether the service of process upon the defendant by Emanuel was void, and (2) whether the judgment was void because the debt that the petition claimed to be due did not appear to be due in fact.

There are no material conflicts in the evidence. From the evidence it appeared that Emanuel was elected sheriff of Decatur county in 1908, and gave bond as such sheriff. In addition to this he gave bond in the sum of $5,000 as sheriff of the city court of Bainbridge, which bond was duly approved by the county commissioners and the ordinary of Decatur county on the first Monday in December, 1908, and was filed and recorded in the office of the ordinary. Since that time Emanuel has been acting as sheriff of Decatur county, as well as of the. city court of Bainbridge. The bond given by him as sheriff of the city court of Bainbridge was executed in good faith, upon advice that it was a lawful bond; and since the execution of this bond he has been generally recognized as the sheriff of the city court of Bainbridge, has served all of its papers and processes, and acted as such sheriff during the years 1909 and 1910.

1.  A stipulation in each of a series of notes maturing at different times, that the entire amount represented by the notes will become due and payable if default is made in the payment of any of the notes, is valid and binding on the parties.  *Kilcrease* v. *Johnson,* 85 *Ga.* 600 (11 S. E. 870) ; *Smith* v. *Champion,* 102 *Ga.* 92 (29 S. E. 160) ; *Stocking* v. *Moury,* 128 *Ga.* 414 (57 S. E. 704) ; *Jones* v. *Norton,* 9 *Ga. App.* 338 (71 S. E. 687).   The notes sued on in the present case did not upon their face appear to be due, but each of the notes contained a recital that it was one of a series of nine notes and would become due if default was made in the payment of any of the notes.  The petition alleged that each of the notes sued on was legally due, and it distinctly appeared from the 10th paragraph of the petition that one or more of the series of nine notes was past due and unpaid, and that this operated to mature all of the notes.   The petition therefore would not have been subject to general demurrer, though the defendant might by special demurrer have compelled the plaintiff to make his allegations more specific in reference to the maturity of the notes.   But even if this were not true, it is well settled that where a suit is prematurely brought, objection must be made by demurrer if the defect appears on the face of the petition, or, if not, by plea in abatement.  If objection should not be thus made, a judgment in favor of the plaintiff would not be void, and the defect could not be taken advantage of by affidavit of illegality. Civil Code, § 5311; *Gate City Fire Ins. Co.* v. *Thornton,* 5 *Ga. App.* 585 (63 S. E. 638) ; *Goodrich* v. *Atlanta Natl. Bldg. & Loan Asso.,* 96 *Ga.* 803 (22 S. E. 585).  We think therefore that the trial judge did not err in failing to sustain the ground of the affidavit of illegality which challenged the jurisdiction of the court.  The court had complete jurisdiction of the subject-matter of the action, and the point comes too late.

The objection that the judgment was void because entered up without proof, upon a conditional contract, having been expressly abandoned by the defendant, can not be insisted upon in this court. Upon this question, however, see *Howard* v. *Wellham,* 114 *Ga.* 934 (41 S. E. 62) ; *Harrell* v. *Davis Wagon Co.,* 140 *Ga.* 127 (78 S. E. 713) ; *Turner* v. *Bank of Maysville,* 13 *Ga. App.* 547 (79 S. E. 180).

2-3.   Since the defendant in the suit did not appear and plead,

if he had no legal notice of the pendency of the suit the judgment against him would be void and could be attacked by affidavit of illegality. The act establishing the city court of Bainbridge provides that the sheriff of Decatur county shall be ex-officio sheriff of the city court of Bainbridge, but that before entering upon his duties as such sheriff he shall execute a bond payable to the Governor in the sum of $3,000, which bond shall be approved by the judge of the city court of Bainbridge and entered on the minutes thereof. Acts of 1900, p. 107. The bond executed by Emanuel as sheriff of the city court of Bainbridge does not appear to have been approved by the judge of that court, or entered on its minutes as required by the statute. On the contrary, the bond actually executed by him was approved by the county commissioners and the ordinary of the county, and filed and recorded in the ordinary's office. The bond was made payable to the Governor of the State, as required by the act. It is insisted by counsel for the plaintiff in error that because the bond was not approved by the judge of the city court and not entered on the minutes of the court, Emanuel never became qualified to perform the duties of sheriff of the city court of Bainbridge. The bond actually given by Emanuel was in a larger penal sum than required by the act, and was made payable to the Governor of the State. The only defect in the bond is that it was not approved by the judge of the city court and filed in the manner required by law. Even if the bond can not be treated as a good statutory bond, it clearly evidences a bona fide effort on the part of the officer to qualify himself to act as sheriff of the city court of Bainbridge. The evidence shows that he sought to thus qualify himself, and in so doing took advice from persons whom he regarded as competent to instruct him in reference to the execution of his bond. It further appears that for some years after the execution of this bond Emanuel acted as sheriff of the city court of Bainbridge, without objection from any citizen of the county, served all of its processes, and generally exercised all the functions of the office. Clearly, therefore, he was a good de facto officer, and no collateral attack can be made on any of his official acts. Under a direct proceeding brought against him he could be compelled to execute a good statutory bond, but neither upon principle nor authority can it be held that all of his official acts are void merely because his bond was not approved and filed in the manner required

by law. In cases like this, questions of public policy are involved, and it should never be held that an irregularity such as that relied on in the present case, in which an officer has in good faith attempted to qualify himself to discharge the duties of the office, should render all his official acts void. *Crawford* v. *Hackett,* 9 *Ga.* 314; *Hinton* v. *Lindsay,* 20 *Ga.* 746 (3) (58 Am. R. 438); *Smith* v. *Meador,* 74 *Ga.* 416; *Oliver* v. *Warren,* 124 *Ga.* 549 (53 S. E. 100, 4 L. R. A. (N. S.) 1020); *Gunn* v. *Tackett,* 67 *Ga.* 725; Civil Code (1910), § 277. Under the decisions just cited, the officer's acts would probably not be subject to collateral attack, even if he had given no bond at all.

There is a clear distinction between the present case and that of *McCalla* v. *Verdell,* 122 *Ga.* 801 (50 S. E. 943). In that case the act creating the city court of Elberton provided that the sheriff of Elbert county should be ex-officio sheriff of the city court, and before entering upon the discharge of his office should execute a bond with good security; and the act further provided that the sheriff should have the power, with the consent of the court, to appoint a deputy who should also, before beginning the discharge of his duties, give a bond. Service of process was made by one claiming to be the deputy sheriff of Elbert county. It did not appear that this person had been appointed deputy sheriff of the city court in the manner provided by the act, or that after such appointment he had attempted to qualify himself to discharge the duties of the office. The deputy sheriff of Elbert county had no more authority to serve processes in the city court of Elberton than did the deputy sheriff of Fulton county. If it had appeared that the person who served the process had been appointed deputy sheriff of the city court and had attempted to qualify, and in so doing had failed to give bond in strict conformity with the statute, then the question would have been the same as that now presented, and we apprehend that the Supreme Court would have reached an entirely different conclusion from that announced in the decision in that case. See, in this connection, *Smith* v. *Davis,* 3 *Ga. App.* 419 (60 S. E. 199). The precise question involved in the case of *McCalla* v. *Verdell,* supra, was raised with reference to the city court of Bainbridge in *Georgia, Florida & Alabama Railway Co.* v. *Anderson,* 12 *Ga. App.* 117 (76 S. E. 1056). In that case an attempt to serve was made by the deputy sheriff of the county, who

had not been legally appointed deputy·sheriff of the city court.  He did not have even color of authority for the performance of the official act, and it was held that the service was illegal.

*Judgment affirmed.*