### 10321. WILCOX *v.* BANK OF HAZLEHURST.

STEPHENS, J. 1. Where a surety was sued jointly with his principal, and service had upon him, and he was informed by the plaintiff that it was not necessary for him to file a defense, or employ counsel, as the plaintiff did not intend to enforce the judgment against him, but that the judgment was being obtained for the surety's protection, and, relying upon the promise of the plaintiff, the surety failed to file any defense and suffered judgment to go against him, he could not in an affidavit of illegality urge such ground as a defense to the enforcement of the judgment. The instant case is distinguishable from *Monroe* v. *Security Mutual Life Ins. Co.,* 127 *Ga.* 549 (56 S. E. 764), relied on by plaintiff in error. In that case it was held that "A defendant may resist the levy of an execution by affidavit of illegality, by showing an agreement between the plaintiff and himself, entered into contemporaneously with or prior to the rendition of the judgment, whereby it was stipulated, upon a sufficient consideration, that the judgment might be subsequently discharged upon performance of certain acts by the defendant, and by showing that the defendant has performed those acts, since the judgment, conformably to the terms of the agreement." In the instant case there was no agreement, "entered into contemporaneously with or prior to the rendition of the judgment, whereby it was stipulated, upon a sufficient consideration, that the judgment might be subsequently discharged upon the performance of certain acts by the defendant," and there was no showing that the defendant had performed any act since the judgment conformably to the terms of the agreement. There was a mere voluntary promise on the part of the plaintiff that he would not enforce a judgment against the defendant, and a statement that it would not be necessary for the defendant to file any defense. It does not appear that the defendant, in consequence of such promise and representation of the plaintiff, performed any act subsequent to the judgment, but he merely suffered judgment to go against him.

2. The remaining assignments of error are without merit.

3. It not being plainly apparent that this writ of error was sued out for delay only, the motion of the defendant in error for damages is denied.

          *Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 28, 1919. REHEARING DENIED FEBRUARY 10, 1920.

Affidavit of illegality; from city court of Hazelhurst—Judge Christian presiding. November 29, 1918.

*S. D. Dell,* for plaintiff in error. *J. Mark Wilcox,* contra.