### 15513.   RAGAN-MALONE CO. *v.* PADGETT.

1. Where service of process is effected by one who assumes to act as an officer having authority to make such service, the service is good even though the appointment or qualification of the person purporting to act as such officer be irregular; since his acts are those of a de facto officer.
2. Where a defendant has been served with process issuing from a court

of competent jurisdiction, and has had, or could have had his day in court, he is concluded by the judgment. He can not by affidavit of illegality attack the judgment and set up defenses which existed and could have been pleaded before it was rendered.

3. The court erred in vacating the judgment dismissing the affidavit of illegality and in reinstating the affidavit of illegality.

DECIDED NOVEMBER 14, 1924.

Illegality of execution; from city court of Baxley—Judge Speer. March 6, 1924.

In October, 1912, Ragan-Malone Company filed suit in the city court of Baxley against V. E. Padgett, surety. On October 9, 1912, Bryant Williams, as deputy sheriff of that court, made a return of service upon Padgett. At the February term, 1913, judgment was taken against Padgett. Execution was issued thereon, and on January 27, 1920, was levied on certain property belonging to Padgett. On March 3, 1920, Padgett filed an affidavit of illegality, on the ground that the service made upon him in the original suit was made by a person not authorized to make service of the petition and process, in that the said Bryant Williams was never a deputy sheriff of the city court of Baxley. On November 27, 1922, the trial judge dismissed the affidavit of illegality. In the order of dismissal it was stated that a motion to dismiss the affidavit of illegality was made, upon the ground that no traverse to the officer's return was filed at the first term after notice of such return, and that the deputy sheriff and the sheriff were not made parties; and that it appeared that a return of service was made upon Padgett by Bryant Williams, deputy sheriff of said court. On December 15, 1922, during the same term that his affidavit of illegality was dismissed, Padgett filed a motion to set aside the judgment dismissing it, and stated in this motion that he had in fact filed a traverse to the return of service made by Williams as deputy sheriff, and had made the officers of court parties to that traverse, at the time that he filed his affidavit of illegality on March 3, 1920; and that his traverse to the return had been lost, and he made a motion to establish it. Proceedings relative to the establishment of the lost traverse of the officer's return resulted in a jury finding in favor of establishing the lost papers, and on February 16, 1924, the court rendered judgment establishing the lost traverse. On March 6, 1924, the trial judge granted the motion to set aside the judgment dismissing the

affidavit of illegality, and reinstated it.    To this judgment Ragan-Malone Company excepted, assigning error thereon because: (*a*) The return in question shows "personal service" upon Padgett on October 9, 1912, and Padgett "filed no plea in abatement at the first term of the court, nor  .   .  any in April, 1915, when he was writing about said judgment, nor  .   .  any until March 3, 1920."   (*b*)   The contention by Padgett that the officer who served him was not a legal deputy "is not a defense which could be availed of by illegality, but he should have appeared at the appearance term of said court and filed a plea in abatement to the return of service which he knew had been made and entered upon him."

*Jones, Park & Johnston,* for plaintiff.

*Wade H. Watson, J. B. Moore,* for defendant.

BLOODWORTH, J.   (After stating the foregoing facts.)   The record unquestionably discloses that the order dismissing the affidavit of illegality was granted by the court under an erroneous impression as to the facts.   It was based upon the ground that no traverse to the officer's return had been filed and no officers made parties; and the finding of the jury against this ground conclusively settled this question of fact in favor of the defendant.   The record discloses also that the motion to set aside the judgment dismissing the affidavit of illegality was made during the same term that the judgment of dismissal was rendered; and, the city court of Baxley being a court of record, the trial judge had a right to vacate the judgment of dismissal, provided he did so in the exercise of a sound legal discretion.   The question, therefore, presents itself: Did the trial judge abuse this discretion in setting aside the judgment of dismissal and reinstating the affidavit of illegality?

The judgment dismissing the affidavit of illegality (after setting out that a motion was made to dismiss the affidavit of illegality on the ground that there had been no traverse to the officer's return, and that the officers had not been made parties) contained the following clause:  "And it further appearing that a return of service was made upon V. E. Padgett by Bryant Williams, deputy sheriff of the city court of Baxley."   From this we conclude that the trial judge, in dismissing the affidavit of illegality, had before him satisfactory evidence that the defendant had been served in some way.   The defendant himself showed that this service was

*personal*, because, in establishing the lost papers, he introduced in evidence the traverse, which contained the following entry : "State of Georgia, Appling County. I have this day served the defendant V. E. Padgett and D. C. Rosier personally with a true copy of the within petition and process. This the 9th day of October, 1912. Bryant Williams, deputy sheriff." The plaintiff introduced in evidence the original suit showing the above return of service ; and also introduced in evidence the following letter from the defendant Padgett to counsel for Ragan-Malone Company, dated April 9, 1915 : "I wish you would take this matter up with your people and advise me what is the least penny that they will charge me to release me from this judgment. [Signed] V. E. Padgett." It therefore appears that the trial judge, at the time that he vacated the judgment of dismissal and reinstated the affidavit of illegality, had before him this evidence showing that the defendant was served *personally* in 1912, knew of the judgment in 1915, and did not file his traverse to the officer's return until 1920, at which time he filed his affidavit of illegality.

The Civil Code (1910), § 5311, provides, that "If the defendant has not been served, and does not appear, he may take advantage of the defect by affidavit of illegality; but if he has had his day in court, he can not go behind the judgment by an affidavit of illegality." And "a defendant against whom a judgment was rendered after he had been duly served has, in legal contemplation, had his day in court, and can not go behind the judgment by an affidavit of illegality." *Southern Ry. Co.* v. *Daniels,* 103 *Ga.* 541 (29 S. E. 761). "Where service of process is effected or a levy is made by one who assumes to act as an officer having authority to make such service or levy, the service or levy is good even though the appointment or qualification of the person purporting to act as such officer be irregular; since his acts would be those of a de facto officer." *Southern States Phosphate &c. Co.* v. *Clark,* 19 *Ga. App.* 380 (1) (91 S. E. 573), and cases cited. The fact that Williams made the service, made the return, and signed his name thereto as "deputy sheriff," shows that he "assumed to act as an officer having authority to make such service." In the instant case judgment was rendered against the defendant at the February term, 1913, and he did not seek to set it aside until March, 1920. In *Twiggs* v. *Hardwick,* 61 *Ga.* 275 (2), the Supreme Court said:

"Besides, the defendant was personally served with process by one who was acting as deputy sheriff in making that service, but failed to appear at court and make any objection to the service, and laid by until after judgment was rendered against him, and now seeks to set that judgment aside on the ground that he was not served with process. The courts do not and should not favor such tardy applications." In *Harbig* v. *Freund,* 69 *Ga.* 180 (1), the Supreme Court held that "Where a defendant has been served with process issuing from a court of competent jurisdiction, and has had, or could have had his day in court, he is concluded by the judgment. He can not by affidavit of illegality attack such judgment and set up defences which existed and could have been pleaded before it was rendered."

In the instant case the defendant, having been served personally, according to evidence introduced by himself, could have come into court before judgment was rendered against him, and set up that the service was illegal; but he failed to do this; judgment was rendered against him, and the execution followed the judgment. This execution can not be attacked by affidavit of illegality, since the court has jurisdiction of the subject-matter and the defendant was served personally. "As the subject-matter was such that the court could deal with, . . and as the defendants were personally served, affidavit of illegality is not available in resistance to a levy of the execution upon their property." *Hartsfield* v. *Morris,* 89 *Ga.* 255 (15 S. E. 363). The defendant filed no traverse to the officer's return until five years after he was writing to plaintiff's counsel about this judgment, and until about eight years after he had been personally served. Regardless of the legality of the service, the defendant had actual knowledge of the proceedings against him, and, as a reasonable man, he would necessarily reach the conclusion that the entry of the sheriff would be made after the service. The Supreme Court, in the case of *Johnson* v. *Johnson,* 52 *Ga.* 452, in speaking of the sheriff's entry, said: "Any reasonable man . . would have come to the conclusion that the entry would be made. Whether rightly made or not is immaterial, so far as this question of notice of it is concerned. He knew that the sheriff thought he had done all the law required. . . This put him upon notice of it. A man is not allowed to shut his eyes to self-evident things." The Civil Code (1910),

§ 5566, provides that the entry of the sheriff or deputy sheriff may be traversed by the defendant "at the first term after notice of such entry is had by him." See *Evans* v. *Smith,* 101 *Ga.* 86 (28 S. E. 617). In the case under consideration the defendant, in order to sustain his affidavit of illegality, would have to prove *both* that he had not been served and that he did not plead to the merits. *LeMaster* v. *Orr,* 101 *Ga.* 762 (29 S. E. 32). His traverse which he himself established showed that he had been served personally in 1912, and thereby given actual notice of the suit against him. In other words, if the defendant had not introduced the traverse his affidavit of illegality would not have been reinstated; and as he did introduce the traverse, his affidavit of illegality must fail, because it shows he had notice of the suit and of the officer's entry approximately seven years before the traverse was filed.

Summing up some of the legal principles announced in the foregoing authorities, we find that if the defendant "has had or could have had his day in court" he can not go behind the judgment by an affidavit of illegality; that if he has been "duly served" he has had his day in court; that the "service or levy is good," or, in other words, he is "duly served," when served by one who assumes to act with due authority; that whether he was rightly served or not "is immaterial" so far as notice of it is concerned; and that the entry of the officer should be traversed "at the first term after notice." Applying to the facts of this case these and the other principles of law in the cases cited, the affidavit of illegality could not stand. As heretofore stated, the trial judge, at the time of reinstating the affidavit of illegality, had before him this evidence showing that the traverse to the officer's return was not filed until about eight years after notice of the service. Since the only legal judgment that could be rendered on the trial of the affidavit of illegality would be to again dismiss it, the reinstatement of the affidavit of illegality would be of no avail.

We therefore hold that the trial judge erred in vacating and annulling the judgment dismissing the affidavit of illegality, and in reinstating the affidavit of illegality.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*