## 22366. NIX *v.* BAXTER.

SUTTON, J. 1. If the defendant has not been served, and does not appear, he may take advantage of the defect by affidavit of illegality, but if he has had his day in court, he can not go behind the judgment by an affidavit of illegality. Civil Code (1910), § 5311; *Fitzgerald Granitoid Co.* v. *Alpha Portland Cement Co.*, 15 *Ga. App.* 174 (82 S. E. 774); *Southern Ry. Co.* v. *Daniels*, 103 *Ga.* 541 (29 S. E. 761); *Ragan-Malone Co.* v. *Padgett*, 33 *Ga. App.* 111, 112 (125 S. E. 605).

2. If a suit is prematurely brought, objection should be made by demurrer, if the defect appears in the petition, or, if not, by plea in abatement. A judgment in favor of the plaintiff in such cases can not be attacked on this ground by affidavit of illegality. *Cooper* v. *Ricketson*, 14 *Ga. App.* 63 (80 S. E. 217).

3. If a judgment was rendered against the defendant by fraud or the acts of the adverse party, unmixed with negligence on his part, an affidavit of illegality is not the proper remedy. *Tumlin* v. *O'Bryan*, 68 *Ga.* 65, 66; *Southern Ry. Co.* v. *Daniels*, supra. So a defendant against whom a judgment has been rendered after he has been duly served has had, in legal contemplation, his "day in court," and can not go behind the

judgment by affidavit of illegality under section 5311 of the Civil Code. If he has been deprived of a hearing by the plaintiff's fraud, unmixed with negligence on his own part, a petition in equity to set aside the judgment will lie. *Fitzgerald Granitoid Co.* v. *Alpha Portland Cement Co.*, supra.

5. So, applying the above principles, where a judgment is obtained against one on a note, and execution issues thereon and is levied on property of the defendant, he can not set up by way of affidavit of illegality that the execution is proceeding against him illegally for the reason that the plaintiff obtained a judgment against the defendant for a stated sum as principal, interest, attorney's fees and costs; that at the appearance term of the court in which the judgment was rendered defendant filed his defense thereto, denying part of the indebtedness and denying his liability for attorney's fees, and denying the plaintiff's right to recover, in that the suit was prematurely brought; that when said case was called for trial the plaintiff, by his attorney, proposed to defendant that if he would abandon his defense and allow plaintiff to take judgment on the note, the plaintiff would give him credit for certain payments and would abandon his claim for attorney's fees, and that no execution would issue thereon until December 1, 1931; that the defendant relied upon this agreement and abandoned his defense, believing that the plaintiff would carry it out; and that by reason of the plaintiff's violation of this agreement it has become impossible for the defendant to comply with the terms of the agreement even if disposed to do so, and said actions on the part of the plaintiff constitute such fraud as will void the judgment and entitle the defendant to set up all defenses which he had originally set up in the suit on the note.

6. The present case is distinguishable from those of *Wimberly* v. *Adams*, 51 *Ga.* 423, and *Monroe* v. *Security Mutual Life Ins. Co.*, 127 *Ga.* 549 (2) (56 S. E. 764). In the *Wimberly* case there was an agreement between the security on a promissory note and the holder of the note, after judgment against the principal and the security, that if the security would withdraw his appeal and permit the judgment on the note to stand, he, the plaintiff, would look to the principal alone for payment of the judgment. In that case there was no attempt by the affidavit of illegality to go behind the judgment on the note and attack it for any reason. In the *Monroe* case it was held that "A defendant may resist the levy of an execution by affidavit of illegality, by showing an agreement between the plaintiff and himself, entered into contemporaneously with or prior to the rendition of the judgment, whereby it was stipulated, upon a sufficient consideration, that the judgment might be subsequently discharged upon performance of certain acts by the defendant, *and by showing that the defendant has performed those acts, since the judgment, conformably to the term of the agreement.*" (Italics ours.) In the instant case there was no showing that the defendant had performed any act since the judgment conformably to the terms of the agreement. The defendant does not show that he tendered the amount claimed by him to be due to the plaintiff on December 1, 1931. See *Wilcox* v. *Bank of Hazlehurst*, 24 *Ga. App.* 516 (102 S. E. 45).

7. It follows that a verdict against the defendant on his affidavit of il-

legality was demanded, and that the court properly overruled the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 8, 1932.

*Marvin Allison, W. L. Nix,* for plaintiff in error.
*M. D. Irwin, Pemberton Cooley,* contra.