24073. STRAUB *et al. v.* FIRST MUTUAL BUILDING & LOAN ASSOCIATION.

JENKINS, P. J.   1. "No fines, interest, or premiums paid on loans in any building and loan association shall be deemed usurious, and the same may be collected as debts of like amount are collected by law in this State, and according to the terms and stipulations of the agreement between the association and the borrower." Civil Code (1910), § 2893. In the instant suit by a building and loan association against the maker of a promissory note and her husband as indorser there was no evidence to support the defenses of the defendants, that the monthly payments provided by the note were usurious because the amounts, although specified as "monthly share payment" and "monthly premium," and as for the purchase by the wife of "a sufficient number of running shares in said association having a par value when paid up of $50 each to amount to a total equivalent to said loan made me at this time on my said shares and on the additional security of the real estate this day deeded," in fact represented merely monthly payments of principal and interest upon a loan on the wife's real estate, that the wife was not a shareholder, that the note was "but a scheme and device of plaintiff to collect interest on the purchase-price of said property at a greater rate than eight per cent," and that, after a proper application of the payments made by the defendants to the only amounts collectible by law, the note was not due when the suit was filed, or when it was declared due by the plaintiff. Under the undisputed testimony, the plaintiff was a duly chartered building and loan association, and while the defendant wife testified in general terms that she never borrowed any money from the plaintiff, never agreed to borrow any money from it, never applied for a loan, never applied for any stock in the concern, and did not ask for the sale of it to her, this evidence was negatived, not only by the contrary provisions in the obligation sued upon and the membership certificate for stock in the association issued to her, but by her own specific testimony that she signed the note and indorsed the certificate in blank. There was no evidence of any fraud, scheme, or device, nullifying this transaction as a bona fide and regular one as it appears on the face of the documents to have been, between a legitimate building and loan association and one of its members. The court therefore did not err, upon these grounds and contentions, in refusing to submit to the jury the defendants' pleas in abatement, which in effect merely set up her legal conclusions, nor did it err in directing a verdict for the plaintiff. See *Goodrich* v. *Atlanta National B. & L. Asso.,* 96 *Ga.* 803 (2) (22 S. E. 585); *National Building Association* v. *Quin,* 120 *Ga.* 358, 361 (47 S. E. 962).

2. The deed executed by the defendant maker to secure the note sued on provided that in case of default the plaintiff association could enter upon and take possession of the house and lot conveyed, rent the same, collect the rents, and apply the same on the defendant's debt, or sell the property after due advertisement for the purpose of paying the debt. After a default, the defendants surrendered possession of the property to the plaintiff, which sold it under a power of sale in the deed, and as highest bidder at $100 became the purchaser. The suit was for the difference between this amount and the original debt less amounts paid, being for $2618.21 principal and $126.74 interest; but the plaintiff voluntarily relinquished all of this principal and interest except $850, for which the verdict was directed. The defendants except to the exclusion of evidence that the rental value of the property, after the plaintiff took possession, was $15 a month. Even if, under the terms of the deed, the plaintiff could be held liable for such rental value in the absence of any evidence that it collected any rental from the property during its possession from October 1, 1932, until it acquired title by the legal sale of the property on January 3, 1933, the defendants were in no way prejudiced by the exclusion of such evidence or the loss of this $45 rental, since they were allowed by the relinquishment of the plaintiff in the nature of a credit more than $1,800 on their indebtedness. Nor was there any error or prejudice to the defendants in the refusal to permit one of the defendants to state to the jury what the correct interest, as contended, at 8 per cent. per annum would be on the principal of the note, figured on the monthly-payment plan provided in the instrument.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 2, 1935.

*Burress & Dillard,* for plaintiffs in error.
*Jones, Fuller, Russell & Clapp, J. D. McLamb,* contra.