25250. DAVIS v. CONLEY et al.

DECIDED APRIL 17, 1936.

B. F. Davis, Wheeler & Kenyon, for plaintiff in error.

J. B. Jones, Pat Haralson, Joseph G. Collins, contra.

BROYLES, C. J. An execution was issued in favor of Mrs. F. E. Conley against B. F. Davis et al. for the principal sum of $1500, plus interest, attorney's fees and costs, and having therein a special lien on a certain described 228-acre farm. The execution was levied on the farm, and at the sale on September 6, 1932, the property "was knocked off to Mrs. F. E. Conley, she being the highest and best bidder, at and for the sum of $100." On June 27, 1934, the fi. fa. was levied on an improved city lot as the property of B. F. Davis. Davis filed an affidavit of illegality alleging that "after the aforesaid execution was issued it was agreed by and between the plaintiff Mrs. F. E. Conley and the defendants that said execution should be levied on the farm of 228 acres described therein, and that the said Mrs. F. E. Conley should bid in said farm at and for the sum of $100, or more, if other outside parties bid against her, and that thereafter said farm should remain in the control of the said B. F. Davis with the privilege to him to sell said farm, and that if it should be impossible to sell said farm for the amount of said execution, that in that event the said B. F. Davis was to have the option of taking said property at an agreed price and thus settle the execution aforesaid;" that Davis had performed and is performing the agreement and turning over the rents to Mrs. Conley, and that she has no right to proceed upon said execution so long as he continues to perform the agreement. The plaintiff in execution made an oral motion to dismiss the affidavit of illegality for the reason that it set out no defense or ground of illegality. Davis then offered an amendment to his affidavit of illegality, alleging in the amendment that "the farm levied on and sold under the execution in the above case to

Mrs. F. E. Conley for the sum of $100 was at the time of such bidding off by said Mrs. Conley of the reasonable market value of $3000, and this defendant would not have consented for the plaintiff Mrs. Conley to bid off said farm for the sum of $100 except for the agreement set forth in this defendant's original affidavit of illegality. And after said farm was bid off by Mrs. Conley as aforesaid the same has been managed by this defendant according to said agreement, and the rents and profits therefrom have been delivered to said Mrs. Conley, and the original agreement which was to extend one year has been extended from time to time and is still in force as this defendant contends; and he is ready to continue carrying out said agreement." The court disallowed the amendment, and, on motion, dismissed the original affidavit of illegality and ordered that the fi. fa. proceed and that said city property be sold. To these judgments defendant in execution, B. F. Davis, excepted.

There are no sufficient allegations in the original affidavit of illegality to show that the execution is proceeding illegally or to constitute any legal defense to the procedure. The alleged agreement is not definitely set out, and it is not shown whether it was a parol or written agreement. It is not shown that any valid consideration flowed to the plaintiff in fi. fa. It provides that the execution should be levied on the farm, but this was plaintiff's privilege under the law without an agreement. It provides that she should bid it in for $100, "or more, if outside parties bid against her," but it is by no means unusual for a plaintiff in fi. fa. to buy in the property levied on at as low a figure as possible, having the privilege of bidding as high as the amount of the execution and the value of the property would justify, and the defendant having the privilege of making the property bring what it is worth. So far as the original affidavit of illegality shows, the alleged arrangement between the plaintiff and the defendant would continue forever, as no time limit is shown. It is alleged that "B. F. Davis was to have the option of taking said property at an agreed price and thus settle the execution aforesaid," but it is not shown when the option was to terminate or what was the agreed price he was to pay. The illegality does not show that there has been a settlement of the execution, or just what the defendant was to do to settle the execution. The oral motion to dismiss the

original affidavit of illegality was in effect an oral general demurrer, and "it is well settled that a petition may be subject to general demurrer either because the allegations of the petition disclose no cause of action or because of 'the want of definite allegations essential to a cause of. action.'" *Maryland Casualty Co.* v. *Arnold,* 51 *Ga. App.* 562 (180 S. E. 906). The allegations of the illegality were too indefinite, and "so uncertain and elusive as to be demurrable." *Terry* v. *Bank of Americus,* 77 *Ga.* 528 (2), 529 (3 S. E. 154); *Wilkes* v. *Branch,* 18 *Ga. App.* 780 (4) (90 S. E. 722). The allegation that defendant had an option to take over the property, without stating the price or when the option would expire, amounts to nothing in legal contemplation. In *Monk* v. *Foy,* 138 *Ga.* 852 (76 S. E. 379), the defendant in fi. fa. filed an affidavit alleging that after the levy the plaintiff and the defendant entered into a parol contract whereby the defendant was to pay $625 in full settlement of the judgment, and the defendant paid only one dollar thereon. The court held that "No time was stated when the balance, $624, was to be paid, . . and it not appearing that the plaintiff sold and conveyed the portion of the lot before the defendant had an opportunity of paying or tendering the balance, the affidavit of illegality for this reason, if for no other, set forth no reason why the fi. fa. should not proceed." In the instant case no time was stated when the defendant was to exercise his alleged option to take over the property at an agreed price in settlement of the execution, and approximately two years had expired between the date of the execution and the date of the second levy, and this, it would appear, gave the defendant ample opportunity to settle the execution before the second levy was made. Therefore, assuming that the defendant had an option as alleged, it constituted no reason why the fi. fa. should not proceed. During this time he did nothing toward exercising his option to take over said property and settle the execution; and "mere nonaction is not performance, either partial or complete." *Hawkins* v. *Studdard,* 132 *Ga.* 265, 274 (63 S. E. 852, 131 Am. St. R. 190). The affidavit as a whole tends to show that the plaintiff indulged the defendant in order to give him an opportunity to pay before levying on other property; and indulgence for a limited time, even for a consideration, is an insufficient ground of illegality. *Green* v. *Rogers,* 62 *Ga.* 166 (3). Such a

covenant does not operate as a release of the plaintiff's right to levy within that time. She may levy her execution, and the defendant is left to his action for a breach of the agreement. *Tarver v. Tarver,* 53 *Ga.* 43, 47. The original affidavit of illegality was certainly not sufficient to stop the procedure under the execution; and it is doubtful if it was sufficient to amend by. However, the allowance of the amendment hereinbefore set out would have left the affidavit of illegality still defective and incomplete, and "any amendment whatever, which, if allowed, would leave the cause of action incomplete should be rejected." *Ellison* v. *Georgia Railroad Co.,* 87 *Ga.* 691 (6) (13 S. E. 809).

The case of *Monroe* v. *Security Mutual Insurance Co.,* 127 *Ga.* 549 (56 S. E. 764), relied on by the plaintiff in error, is distinguished by its facts from the case sub judice. It may well be noted that in the *Monroe* case the parties entered into an agreement before judgment was rendered, and by the terms of this agreement the defendant *withdrew his defense* and permitted judgment to be taken and execution issued. In the instant case judgment and execution had already been obtained by the plaintiff before the alleged agreement was made. This distinction is material in showing that a definite and complete settlement was agreed upon by the parties in the *Monroe* case, and there was a consideration flowing to each party. We do not hold, however, that a binding agreement could not have been made after judgment and execution but before levy, because "an affidavit of illegality, under our system, if the facts are set forth, may bring up any good reason why it will be illegal to raise the money." *Shorter* v. *Moore,* 41 *Ga.* 691, 695. The controlling difference between the *Monroe* case and the instant case is that in the former there was a definite, valid and binding agreement, the terms of which were fully set out, and the illegality was held defective only because it failed to allege that the affiant had complied with the agreement; while in the instant case sufficient facts were not set forth in the alleged agreement, and the agreement was vague, indefinite, uncertain, and lacking in those qualities essential to a valid contract capable of enforcement.

The court did not err in disallowing the proffered amendment, in striking and dismissing the original affidavit of illegality, and in directing the execution to proceed.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*