39114. BRANDWEIN v. GREENFIELD *et al.*

DECIDED OCTOBER 11, 1961.

*Saul Blau,* for plaintiff in error.

*Morris Janko, W. E. Slade,* contra.

EBERHARDT, Judge. While it would appear from a reading of the petition that if the plaintiff has a cause of action against the defendants, it had not accrued at the time of the filing of the suit (*Code* § 67-2002 (3), as amended; *Allen v. Stephens,* 102 Ga. 596, 29 SE 443); yet, this is a matter that can be invoked only by specific demurrer or by plea in abatement where it appears on the face of the petition, or by plea in abatement if it does not so appear, or by motion for nonsuit at the close of plaintiff's evidence. It is not a matter that will make the petition subject to a general demurrer. *Beavers v. LeSueur,* 188 Ga. 393, 404 (4) (3 SE2d 667); *Massee v. Stetson,* 27 Ga. App. 89 (1) (107 SE 362). And see *Goodrich v. Atlanta Nat. Bldg. &c. Assn.,* 96 Ga. 803 (1) (22 SE 585); *Realty Co. v. Ellis,* 4 Ga. App. 402 (2) (61 SE 832); *Cooper v. Ricketson,* 14 Ga. App. 63 (2) (80 SE 217); *Nix v. Baxter,* 46 Ga. App. 153 (2) (167 SE 115);

610

*Baker v. Tillman*, 84 Ga. 401 (11 SE 355). Consequently, the sustaining of the general demurrer here, which did not point out the prematurity of the action, was error, although in sustaining it the trial judge stated that he did so for the reason that "the suit was brought prematurely . . . and for this reason only, and for no other reason."

Anything that may have been said in *Rainbow Realty Corp. v. Porter*, 104 Ga. App. 420 (121 SE2d 791), concerning the procedure applicable to such a situation as is presented here and which is in conflict with the decisions cited supra will not be followed.

*Judgment reversed. Carlisle, P. J., and Nichols, J., concur.*