[No. 1421.]

AH TONE, PLAINTIFF AND RESPONDENT, *v.* M. McGARRY, DEFENDANT AND APPELLANT.

(Syllabus by BIGELOW,. C. J.)

1—MONEY HAD AND RECEIVED, ANSWER, DENIALS ONLY.—In action for money had and received where the answer consists of denials only, the only permissible defenses are that the defendant did not receive the money, or had paid it to the plaintiff.

2—ESTOPPEL.—Where a person has been entrusted with property to sell for the benefit of the owner, and sells it accordingly, in an action for the money so received, in the absence of a showing that some one having a superior title has made a claim upon him for it, he is estopped to deny the plaintiff's title.

3—RULINGS—WHEN IMMATERIAL.—Where even upon the case made by defendant the verdict against him is correct, a ruling of the court concerning the argument of counsel, and rulings upon instructions, become immaterial.

APPEAL from judgment and order overruling motion for a new trial, from District Court, Eureka county; *A. L. Fitzgerald,* District Judge.

The facts are sufficiently stated in the opinion.

Argued orally by *Thomas Wren,* for Appellant, and *Robt. M. Beatty,* for Respondent.

*Thomas Wren* and *F. X. Murphy,* for Appellant:

The action is for money had and received. The gist of the action as gathered from the complaint is that appellant has

in his hands $692 40 belonging to respondent.    Appellant denies that he has any money belonging to respondent. Upon this state of the pleadings it became necessary for respondent to establish that the appellant had in his hands the sum above stated, money of respondent.    In considering this question it may be important to keep in view the fact that the appellant acted to a limited extent as the agent of all parties throughout the action.

It is evident from the whole of the evidence that appellant acted in the first place as the agent of Murphy while he was the owner of the two-thirds interest, and subsequently as the agent of his wife when she became the owner of the whole mine, in all of the transactions with respondent in relation to the mine, and that respondent recognized him as the agent of Murphy and of his wife, and settled all business matters between respondent and Murphy and appellant's wife in relation to the mine and allowed appellant to retain all moneys due from him to Murphy and to appellant's wife upon settlements.    [Here follows a long statement of facts.]

One of the counsel for respondent, in summing up, contended that from the generosity of McGarry in gratuitously giving one-third of the mine to McCaffery and two-thirds to Murphy and the generosity of McCaffery and Murphy in afterwards gratuitously giving their interest to Mrs. McGarry, the jury might fairly infer that appellant owned all of the mine at the time the lease was made and the ore was taken out and sold.    Counsel for appellant objected to this line of argument and moved the court to strike out the language used.    The motion was overruled by the court and exception taken.    It would be difficult to conceive of an argument more likely to mislead the jury in regard to the real issues in the case, especially in view of the instruction that followed.    Appellant's instruction No. 1 was to the effect that if from all the evidence they believed that McGarry and Murphy had the right so to do, either as owners or duly authorized agents of the owners of the Ethel mine, and leased the plaintiffs all of said mine, etc.    Now there was not a particle of evidence that Murphy, either as agent or owner, ever leased all of the mine to respondent, and there is not a particle of testimony that McGarry at

the time Murphy leased the mine or at any subsequent time owned any portion of it, or that he leased the mine or any portion of it to respondent. Respondent testified: " Mr. McGarry never gave me any lease; I asked him for one and he said he did not own any interest in the mine and he could not lease it." Appellant testified: " Before giving him the lease from Murphy I told him I had no interest in the mine. That Frank X. Murphy owned two-thirds and McCaffery one-third of the mine." I believe it is a general rule that instructions should be based upon some evidence given in the cause. Respondent's instruction No. 2 is manifestly erroneous. All of the evidence shows that McGarry was the agent of his wife and entitled to receive her portion of the money received from the sale of ores. The refusal of the court to give appellant's instruction No. 6 upon the ground that it was not applicable to the facts of the case was manifestly erroneous, in view of the testimony and plaintiff's instructions Nos. 1 and 2 and the argument of counsel for respondent. The refusal of the court to give appellant's instructions Nos. 3 and 4 upon the ground that they were not applicable to the case was manifestly erroneous, for the reasons above given. Respondent's instruction No. 2 given by the court was manifest error. It ignores the fact that appellant was the agent of his wife as well as of Ah Tone.

One of the grounds of the motion for a new trial was that the evidence was insufficient to justify the verdict. The evidence established the right of appellant to retain the amount that he did retain from the proceeds of the sales of ore except the small balance of $52 86.

*Robt. M. Beatty* and *Peter Breen,* for Respondent:

(No brief on file.)

By the Court, BIGELOW, C. J.:

The complaint in this action is for money had and received. The answer consists of denials only. To sustain the action under such pleadings, it was only necessary for the plaintiff to prove that defendant had received money belonging to him, and had failed to pay it over. The only defenses would

be that defendant had not received the money or had paid it to the plaintiff.

The plaintiff proved his case when he proved that defendant as his agent had received ore from him for the purpose of selling it; that he had sold it, and had received on such sale $2,077 20, of which he had paid the plaintiff only $1,384 80. The defendant in his testimony admitted these facts to be true. These admissions were conclusive of the case as made by the pleadings.

But, waiving this, the defendant in his testimony claimed that the ore had been extracted from a mine belonging to the defendant's wife, of two-thirds of which the plaintiff had a lease, but not of the other third, and that consequently one-third of the net proceeds of the ore so extracted belonged to her by virtue of her ownership of the portion of the mine not leased.

Under this claim he asserted the right to retain the money in controversy. The defendant proved no authority from his wife to act for her in the matter, but aside from that, having received the ore from the plaintiff for the purpose of selling it, defendant would, in the absence of a showing that some one having a paramount title to the ore had made a claim upon him for it, be estopped from denying the plaintiff's title. (Bigelow, Estop. 430; 2 Herm. Estop., sec. 893.) No showing of this kind was made here.

Under the pleadings and proof there was no controverted question of fact for the jury to pass upon that would, if decided in the defendant's favor, have constituted any defense to the action. The court would have been justified in instructing them to find a verdict for the plaintiff; and consequently, whether right or wrong, the ruling concerning the argument of plaintiff's counsel, and the instructions given or refused, worked defendant no injury.

The judgment is affirmed.