1150.  HIGHTOWER, PRATT & CO. *v.* HODGES, admr., *et al.*

1. A plea that a suit is prematurely brought is a plea in abatement, and must be sworn to and filed at the first term.

2. When an execution has been levied on personal property and a claim interposed, the levying officer has no authority to deliver the property to the claimant without taking a forthcoming bond for its delivery at the time and place of sale; provided it shall be found subject to the execution. The verdict and judgment rendered in the claim case, finding the property subject to the execution, are conclusive against the sheriff and the surety on his official bond.

3. When a sheriff is sued on his bond, for damages resulting from his unauthorized act in delivering personal property to the claimant without a forthcoming bond, neither he nor his surety will be permitted, in answer to the suit, to attack the legality of the levy made by his deputy.

4. In a suit on the official bond of a sheriff, brought by a plaintiff in exe-
cution, for damages resulting from the act of the sheriff's deputy who
levied the execution, in delivering to the claimant the property levied
upon, without taking from him a forthcoming bond, the measure of the
damages is the injury sustained; and when in such a suit the plaintiff
proved the execution, the levy, the delivery of the property by the levy-
ing officer to the claimant without a forthcoming bond, and a verdict
and judgment in the claim case, finding the property subject, and proved
its value in excess of the amount of the execution, the court should
have directed a verdict for the plaintiff, for the full amount sued for.

Action on bond. from city court of Blakely—Judge Jordan.
April 20, 1908.

Submitted July 2, 1908.—Decided January 27, 1909.

This was a suit on the official bond of the sheriff of Early county,
arising on the following facts: An execution in favor of the
plaintiffs in error, against L. L. Mitchell, for the principal sum
of $107.32, interest $12.51, and costs $6.50, was levied by the
deputy sheriff upon the following described property as the prop-
erty of defendant in fi. fa., to wit: "Two bales of cotton in ware-
house in Kestler, marked F. No. 64 and E. No. 78. Also one
fourth interest in about sixty-five acres of cotton in field ungath-
ered on place known as Salter place," etc. Wiley interposed a claim
to all of this property, and the deputy sheriff delivered the property
to him without taking a forthcoming bond. On the trial of the
claim case a verdict and judgment were rendered finding that "an
undivided one-fourth interest in the bale of cotton marked F. No.
64 and in the crops described in the levy" was subject to the execu-
tion. The claimant having in the meantime disposed of the prop-
erty, this suit was brought on the sheriff's bond, the plaintiffs al-
leging that they had been damaged the full amount of the fi. fa.,
as the property levied upon and found subject to their execution
was sufficient to pay the same. The court allowed an amendment
to the plea of the general issue as follows: (1) "Defendant
amends his answer and says further that a motion for a new trial
was made by the claimant in the case referred to in plaintiffs'
petition, and the same is now pending in said city court, and the
said suit was prematurely brought." (2) "The property described
in the plaintiffs' petition was and is not subject to the fi. fa. men-
tioned in plaintiffs' petition." The plaintiffs objected to the amend-
ment, because (1) it was not competent for defendant at the trial

term to plead, in abatement of the suit, that a motion for new trial, filed by the claimant, was pending in court undisposed of; and (2) the allegation that the property described in the plaintiffs' petition "is not subject to the fi. fa." is not sufficient; it should be specifically stated why the property was not subject. The court overruled the objections and allowed the amendment; and to this ruling exceptions pendente lite were filed.

At the conclusion of the evidence the court directed a verdict for the plaintiffs, for $12.50, and they made a motion for a new trial, based on the usual general grounds and on the following special grounds: (1) The court erred in directing a verdict in favor of the plaintiffs for only $12.50, as, under the law and the evidence, a verdict for the full amount was demanded. (2) The court erred in allowing testimony that the property found subject to the fi. fa. in the claim case was not the property of the defendant in fi. fa.; the plaintiffs objecting to this testimony, when offered, on the ground that it was irrelevant, and that the defendants could not go behind the verdict and judgment in the claim case and show that such verdict and judgment did not speak the truth, or were based on insufficient evidence. (3) The court erred in permitting the defendants to introduce, over objection of the plaintiffs, evidence (set out in the motion for a new trial) tending to show that the deputy sheriff did not actually seize the property levied on, and therefore did not make a legal levy.

*Pottle & Glessner,* for plaintiffs.

*R. H. Sheffield,* for defendants.

HILL, C. J. (After stating the foregoing facts.)

1. The amendment setting up as a defense the pendency of a motion for new trial in the claim case should not have been allowed, as it was too late at the trial term to file a plea in abatement of the suit. Civil Code, §5058. The plea would not have been a good one if filed in time, as the filing of a motion for new trial does not operate as a supersedeas, unless so ordered by the court. Civil Code, §5476; *Southern Express Co.* v. *Hunnicutt,* ante, 262 (63 S. E. 26). However, as there was no evidence offered in support of this plea, and it was not relied upon, its allowance was not reversible error.

2. The other objection to the amended answer was well taken. The allegation that the property described in plaintiffs' petition

"is not subject to the fi. fa." is too general. It should be specifically pointed out why the property was not subject to the execution. But this plea was bad in substance, and the evidence in support of it should not have been allowed. While the actual injury sustained by the plaintiffs on account of the failure of the sheriff to take from the claimant the statutory forthcoming bond for the personal property was the measure of the sheriff's liability, we think this question was conclusively settled by the verdict and judgment in the claim case. It was the duty of the sheriff, when the property was delivered to the claimant, to take from him a bond for the delivery of the property at the time and place of sale, provided it should be found subject to the execution. Civil Code, §4614. The property levied upon was found subject to the execution, there was no forthcoming bond, and the claimant had disposed of the property which the sheriff illegally left in his possession. To escape liability for his failure to discharge his plain official duty, he can not be heard to attack the verdict and judgment rendered in the claim case; the verdict and judgment are conclusive on him so far as his official duty in connection with the case is concerned.

Generally, in rules against the sheriff or in suits on his official bond for his failure to sell property levied upon, he can show that the property was not subject to the execution. *Wilkin* v. *American Freehold Co.*, 106 *Ga.* 183 (32 S. E. 135), and cit. But this rule does not apply when the property levied upon has been found subject to the execution, and the damage to the plaintiff is caused by the failure of the sheriff to take a forthcoming bond. In such case the sheriff will not be permitted to retry the issue already determined in the claim case; neither will the sheriff's surety be heard to attack the verdict and judgment rendered in the claim case.

3. It was erroneous to permit the sheriff to attack the legality of the levy made by his deputy. The entry of the deputy recited a levy; there was no traverse of this return; the claimant had made an affidavit and executed a claim bond, accepted by the sheriff, reciting that a levy had been made. The sheriff could not defend one wrong by showing that his deputy had perpetrated another wrong. It would be absurd to allow the sheriff to say, "Yes, I failed to discharge my duty when I delivered the property levied

upon to the claimant without taking from him a forthcoming bond, but I am excused from the result of my failure to discharge my statutory official duty, by the failure of my deputy to make a legal levy."

4. The evidence in this case demanded a verdict for the plaintiffs for the full amount of their execution. They proved the execution, the levy, the value of the property levied on and found subject to the fi. fa., which was in excess of the amount of the fi. fa.; that the property had been delivered to the claimant; that no forthcoming bond had been taken from the claimant, and that the claimant had disposed of the property. It is difficult to imagine how a more complete case of official liability could have been shown.          *Judgment reversed. Powell, J., disqualified.*