*Edward S. Elliott,* for defendant.

---

### 10658., CLEMONS v. ESTES.

JENKINS, P. J. 1. In order for any contract for the sale of lands to be binding, it must be in writing, signed by the party to be charged therewith, or by some person by him lawfully authorized, unless there has been such a part performance of the contract as would render a refusal by one of the parties to comply therewith a fraud. Civil Code (1910), §§ 3222, 3223. Whenever such a parol contract has thus become partly performed to the extent that it would be a fraud on the part of the seller to repudiate the agreement, the purchaser is not prevented by the statute from recovering damages for its breach (*McLeod* v. *Henry*, 126 *Ga.* 167, 54 S. E. 949); but where, as in this case, the allegations of the petition go merely to show that the plaintiff paid $10 on the purchase-price of land bought under a parol contract, and that he proceeded to bargain the land to another at a named profit, which he seeks to recover, the averments are not sufficient to show such part performance of the parol contract as would prevent it from falling within the statute of frauds, and would not authorize the maintenance of such claim for damages. *Wimberly* v. *Bryan*, 55 *Ga.* 198; *Hill* v. *Jones*, 7 *Ga. App.* 394 (3) (66 S. E. 1099). This ruling is not to be taken to mean that such a purchaser would be precluded from maintaining his action to recover the portion of the purchase-price actually paid.

2. In this case the petition, when fairly construed against the pleader, sufficiently indicates within itself that the only written contract relied upon as existing between the plaintiff and the defendant for the purchase and sale of the land consists of the written receipt embodied in the petition; and since this receipt, when sought to be treated as a contract of sale, is void for uncertainty, the trial judge did not err in sustaining the general demurrer to the petition. *Corbin* v. *Durden*, 126 *Ga.* 429 (55 S. E. 30). In such a case the ruling made in *Bluthenthal* v. *Moore*, 106 *Ga.* 424 (32 S. E. 344), is not applicable.

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED NOVEMBER 19, 1919.

Complaint; from Walker superior court—Judge Wright. May 3, 1919.

The first numbered paragraph of the plaintiff's petition is as follows:

"On December 28, 1917, said Clarence Estes agreed to sell to petitioner the following described real estate, to wit: All that tract or parcel of land lying and being in the seventh district and fourth section of Walker county, Georgia, and the north half of lot of land No. 20 in said district and section, containing 80 acres more or less, and more particularly described as follows: commencing at the public road and running thence south to R. F. Delay's land, thence east to lands of John Arnold, thence north to Hugh Coffman's land, and thence with the public road to the beginning point.

"And at said time, to wit, December 28, 1917, petitioner paid to said Clarence Estes the sum of $10.00, as shown by the receipt, a copy of which is as follows:

" 'Dec. 28, 1917. Received of Luther Clemons, $10.00, on payment of place, other to be paid Saturday, Dec. 29, 1917.

Clarence Estes.'

"At and for the sum of $1050.00, which said purchase-money, *according to the statement in the receipt, was to be paid on Saturday, December 29, and the trade completed.*"

*Shattuck & Shattuck,* for plaintiff.

*R. M. W. Glenn,* for defendant.