12033.   MASSEE *et al.* v. STETSON.

1. The defense that the action is premature is to be made by dilatory plea filed at the first term; or, if the fact appears on the face of the declaration, it may be raised by special demurrer at that term.
2. Where the sole defense to an action for money had and received by the defendants for the plaintiff's use, in connection with the sale of the stock of a corporation of which the plaintiff was a shareholder, was a general denial of his allegations, it was not error to exclude evidence supporting affirmative defenses by way of set-off and counter-claim, and showing that the suit was premature as to part of the sum claimed.
3. It was not error to refuse a new trial.

DECIDED MAY 14, 1921.

Complaint; from Bibb superior court — Judge Mathews. December 2, 1920.

Application for certiorari was denied by the Supreme Court.

*John R. L. Smith, Grady C. Harris,* for plaintiffs in error.

*Hall, Grice & Bloch,* contra.

HILL, J. 1. "Under a denial of the allegations in the plaintiff's declaration, no other defense is admissible except such as disproves the plaintiff's cause of action; all other matters in satisfaction or avoidance must be specially pleaded." Civil Code (1910), § 5636. That a plaintiff has brought his action prematurely is a defense not going to the merits of the plaintiff's demand, and is dilatory only. It must be raised at the first term by plea, unless the fact appears on the face of the pleadings, when it may be raised by a specific demurrer. *Realty Co.* v. *Ellis,* 4 *Ga. App.* 402 (61 S. E. 832); *Horne* v. *Rodgers,* 103 *Ga.* 649 (30 S. E. 562); *Goodrich* v. *Atlanta National B. & L. Ass'n,* 96 *Ga.* 803 (22 S. E. 585); *Cooper* v. *Ricketson,* 14 *Ga. App.* 63 (80 S. E. 217); *Hightower* v. *Hodges,* 5 *Ga. App.* 408 (63 S. E. 541).

2. " Where the answer in an assumpsit for money had and received consisted of denial only, the defendant can only show that he did not receive the money, or had repaid it." Ah Tone *v.* Mc-Garry, 22 Nevada, 310 (39 Pac. 1009). The plaintiff sued for $1,443, besides interest, money had and received by the defendant, for his use and benefit. He alleged that on January 20, 1916, the outstanding capital stock of the Bibb Sewer Pipe Company amounted to $192,250, and that he was the owner of 7.8% of the capital stock of the company; that at a stockholders' meeting held a short time prior to January 20, 1916, all the stockholders agreed to sell their stock to Walter T. Dickey, through the defendants; that in pursuance of this agreement all the stock was sold and transferred to Dickey through the defendants; that, as part of the consideration therefor, Dickey delivered to the defendants 12 notes aggregating $6,499.96, for the benefit of all the stockholders of the company; that all of these notes have been paid to the defendants and the defendants have refused on demand to account therefor to the stockholders, and that the amount represented by these notes was paid to the defendants in addition to the par value of their stock. The plaintiff alleges also that as a part of the consideration to the stockholders for selling and transferring their shares of stock in the Bibb Sewer Pipe Company to Dickey, he (Dickey) transferred to the defendants for the benefit of the said stockholders all right, title and interest which the Bibb Sewer Pipe Company had in a suit for damages to its property, which suit was then pending in Bibb county superior court, in the nature of a condemnation proceeding by the Central of Georgia Railway Company; that by reason of an arbitration the Central of Georgia Railway Company paid to the Bibb Sewer Pipe Company $12,000, and this sum was paid over to the defendants, who were officers and directors of said Sewer Pipe Company, for the benefit of all the old stockholders of that company, of which plaintiff was one; that as such a stockholder the plaintiff is entitled to 7.8% of the said sum of $12,000, to wit, $936, and that he has demanded payment of this sum by the defendants and they refuse payment. The defendants answered the petition, specifically denying every allegation except that the defendants were residents of Bibb county. On the trial the plaintiff proved his allegations as laid. The defendants introduced evidence deny-

ing the truth of the allegations of the petition and of the evidence in support thereof. The defendants attempted also to set up affirmative defenses, bringing in new matter by way of set-off or counter-claim, and to show that the suit was prematurely brought so far as the claim to a part of the $12,000 was concerned. In view of the state of the pleadings, there being only a plea of the general issue, the court excluded all the testimony offered to support these collateral matters. This judgment was not erroneous, but in conformity to the code of this State and the decisions of the Supreme Court and of this court, cited above.

3. The instructions of the court to the jury presented fully, fairly, and correctly all the issues made by the pleadings and the evidence. No merit appears in any exception. The evidence was in direct conflict, and the jury solved the conflict in favor of plaintiff. There was no error in denying the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*