13125.    KENNEY *v.* WALDEN *et al.*

JENKINS, P. J. 1. It is the general rule that a proper payment to the authorized agent of a disclosed principal, which has not been induced by fraud, accident, or mistake, is to be treated as having been made to the principal, so that, should the person making the payment ultimately become entitled to its return, his remedy is against the principal, irrespective of whether or not the money has been actually turned over to the principal by the agent thus receiving it for him and in his stead. *Echols* v. *Howard*, 17 *Ga. App.* 49, 51 (86 S. E. 91); 2 Corpus Juris, 821. An apparent but not a real deviation from this general rule is recognized in cases where a conditional deposit in the nature of earnest money is turned over to a sales broker in order to bind a conditional contract of purchase and sale pending the removal of the conditions, but where the deposit, under the terms of the agreement, is

to be returned to the prospective purchaser in case the proposed sale falls through. In such a case, if the conditional contract of purchase fails without fault of the purchaser, and he thereby becomes entitled under the contract to a return of the deposit, he can recover it back from the agent, if it be shown that he thus continues to hold it, or that he continued to hold it after notice that the principal was no longer entitled to receive it. *McDonald* v. *Napier*, 14 *Ga.* 89 (2); *Zapf Realty Co.* v. *Brown*, 26 *Ga. App.* 443 (106 S. E. 748); 9 C. J. 675 (§ 166). This is true for the reason that the principal is no longer entitled to receive it, and the agent is therefore no longer authorized to deliver it over or to hold it. The original deposit of the earnest money not amounting to a payment such as would pass title to the principal, the conduct of the agent in actually withholding it from the principal until he can no longer properly turn it over has the same legal effect as though there had been an agreement on his part so to do.

2. In the instant case the agreement sued on, signed " Frank J. Kenney, Agt. for Estate of Mary F. Kavanaugh," was an individual undertaking. *Knox* v. *Greenfield Estate*, 7 *Ga. App.* 305 (66 S. E. 805); *Johnson* v. *Estate of Sam Farkas*, 22 *Ga. App.* 539 (96 S. E. 392); 1 Enc. Dig. Ga. Rep., Cum. Supp., 313 (III). No agency for any legal entity being disclosed, an action based on the agreement was for this further reason properly maintained against the defendant as an individual.

3. Where a contract for the future sale of property provides that the title to the premises is to be merchantable and is to be approved as such by the attorney for the purchaser, the question on a suit for the recovery of a deposit made by the purchaser on such a conditional agreement for purchase and sale is not whether the title is good or bad, but whether it has been thus rejected capriciously and in bad faith. *City of Rome* v. *Breed*, 21 *Ga. App.* 805 (95 S. E. 474).

4. In accordance with the foregoing rulings, the court did not err in refusing to dismiss the petition on general demurrer. The grounds of special demurrer to the petition as amended are without merit, save the objection to those paragraphs of the amendment setting up an alleged contemporaneous parol agreement whereby the defendant as agent for his undisclosed principals agreed to hold the deposit pending the approval of the title. The writing sued on being complete on its face, this portion of the amendment should have been disallowed. The suit was maintainable without the amendment; not on the theory that the defendant was a mere stakeholder who had agreed to hold the conditional deposit until it was ascertained who would be ultimately entitled to it, but because, under the allegations of the petition, he continued to retain it after the purpose of the conditional deposit had been served, and after his authority had ended to deliver it even as a deposit to the principal who he knew had no further claim upon it. The suit was maintainable for the further reason that the agreement itself was but an individual undertaking. If the plaintiffs were limited to the first of these theories, the amendment might conceivably work harm to the defendant on the trial; but under the second theory it could not do so. However, the portion of the amendment above in-

dicated being illegal, it should nevertheless be stricken, and direction is given accordingly.

> Judgment affirmed, with direction. Stephens, J., concurs.
> DECIDED JULY 24, 1922.

Complaint; from city court of .Savannah — Judge Freeman November 8, 1921.

*Travis & Travis,* for plaintiff in error.

*Adams & Adams,* contra.