### 13270. WRIGHT *v.* BROWN & LEACY.

STEPHENS, J. 1. In a suit by one of the parties to a contract against the agent of the other party to recover from the agent, in an action for money had and received, money alleged to have been paid to the agent by the plaintiff, and which it is alleged the agent did not pay over to his principal but is in equity and good conscience under an obligation to refund to the plaintiff, the plaintiff can not recover where it appears that at the time of the payment the money was not paid by him to the agent by mistake, or that the agent, in receiving the money, did not exceed his authority as agent, or that the principal was in law entitled to receive the money. *McDonald* v. *Napier,* 14 *Ga.* 89; *Kenney* v. *Walden,* 28 *Ga. App.* 810 (113 S. E. 61).

2. Where there is a contract for the purchase of land between the purchaser and the owner, money paid to the agent of the owner as earnest money on the purchase-price is money which the principal as owner is in law entitled to receive, and, if the principal's right to the money has not been destroyed by the terms of the contract or otherwise, the purchaser can not recover the money from the agent in a suit for money had and received.

3. A provision in the contract that the money so paid as earnest money is to be applied by the agent towards his commission for services rendered in obtaining the contract of purchase does not operate to render the principal liable as being not entitled to receive the money, since the right of the agent, if he has any, to apply it upon the commission due him by the principal necessarily implies that the principal is as against the plaintiff lawfully entitled to the fund.

4. The foregoing ruling is not to be construed as holding that the plaintiff can not maintain a suit for a breach of contract against the agent where it is established that the agent was under a contractual obligation to the plaintiff to refund the money upon the happening of a certain contingency, even though the agent had paid the money over to his principal.

5. This being a suit by the purchaser against the agent for money had and received, and, under the above rulings, it appearing from the evidence that the plaintiff had no right to recover, the court properly granted a nonsuit. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 21, 1923.

Action for money had and received; from city court of Savannah — Judge Freeman. November 15, 1921.

*H. W. Johnson,* for plaintiff.

*Lawrence & Abrahams,* for defendants.