20736.  TERRELL *et al. v.* HARRIS.

Decided February 18, 1931.  Rehearing denied February 28, 1931.

762

*W. H. Burt,* for plaintiffs in error.

`Bennet & Peacock, L. A. Peacock,* contra.

BELL, J. (After stating the foregoing facts.) While the bill of exceptions assigns error on the exceptions pendente lite to the overruling of the demurrers to the petition, the attorney for the plaintiffs in error has referred to this assignment only by way of recital, and, in the absence of argument or insistence upon the demurrers, the exception to the ruling thereon will be treated as abandoned.

We think the court erred in directing the verdict. Whether the petition be construed as a suit on a special contract or as an action for money had and received, the gravamen of the complaint is that the defendants received the sum of $200, which they promised to return to the plaintiff unless they found a house suitable to her. There was a conflict in the testimony as to whether the defendants found a house suitable to the plaintiff, and the evidence therefore presented an issue for the jury as to whether the plaintiff was entitled to recover. Cf. *Sylvania & Girard R. Co.* v. *Sylvania Lumber Co.,* 8 *Ga. App.* 656 (70 S. E. 51); *Kenney* v. *Walden,* 28 *Ga. App.* 810 (113 S. E. 61); *Wright* v. *Brown,* 29 *Ga. App.* 687 (4) (116 S. E. 341). The petition, in alleging, without more, that the money was paid over under an agreement that if the defendant did not find a house suitable the money would be returned, necessarily implied that if the defendants did find such a house the money would not be returned. This, we think, is the fair and proper interpretation of the petition, and, in this view, the plaintiff will not be heard to say that the defendants could not keep the money if they complied with such condition, the allegations of the petition, so long as they stand, being conclusive evidence in favor of the defendants upon this question. Civil Code (1910), § 5775; *Lydia Pinkham Medicine Co.* v. *Gibbs,* 108 *Ga.* 138 (33 S. E. 945); *East Tenn. &c. Ry. Co.* v. *Kane,* 92 *Ga.* 187 (5) (18 S. E. 18, 22 L. R. A. 315); *New Zealand Fire Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773 (6) (116 S. E. 922).

The plaintiff contended that notwithstanding the conflict in the testimony as to whether the defendants found a house suitable to her, the evidence showed, without dispute, that the parties entered into what amounted to a mere oral contract for the purchase of lands, voidable under the statute of frauds, and that for this reason the plaintiff was entitled to recover the amount paid on the purchase-price. Assuming that the evidence established such a contract, and also that money paid in such case may be recovered at the mere election of the vendee (but see, in this connection, *Dodgen* v. *Camp,* 47 *Ga.* 328; *Higgins* v. *Kenney,* 159 *Ga.* 736, 126 S. E. 718; *Jay* v. *Sweatt,* 8 *Ga. App.* 481, 70 S. E. 16; *Clemons* v. *Estes,* 24 *Ga. App.* 480, 101 S. E. 312; Cook *v.* Griffith, 76 W. Va. 799, 86 S. E. 879, L. R. A. 1916D, 466) ; Keystone Hardware Corp. *v.* Tague, 246 N. Y. 79, 158 N. E. 27, 53 A. L. R. 610; Chandler *v.* Wilder, 215 Ala. 209, 110 So. 306; 27 C. J. 358, 361; 25 R. C. L. 725, 726), we think the right to recover upon this theory is incompatible with the suit as framed, although perhaps not amounting in fact to a different cause of action (*City of Columbus* v. *Anglin,* 120 *Ga.* 785 (4, 5), 48 S. E. 318; *Harris* v. *Central Railroad,* 78 *Ga.* 525, 531, 3 S. E. 355) ; and even though the petition might have been amended so as to permit a recovery upon such theory. *Kraft* v. *Rowland,* 33 *Ga. App.* 806 (2) (128 S. E. 812) ; *Southern Ry. Co.* v. *Campbell Coal Co.,* 41 *Ga. App.* 83 (151 S. E. 661).

The necessary inference from the petition being that the defendants would have the right to keep the money if they found a house suitable to the plaintiff, the petition, unless and until amended, stands as an absolute barrier against the plaintiff's right to recover merely upon proof that the money was paid upon an agreement which was unenforceable under the statute of frauds. This is true for the reason that the house found by the defendants might still have been suitable to the plaintiff, and if so, the plaintiff could not reclaim the money simply because the contract may have been voidable in view of such statute.

The rule as laid down in *Napier* v. *Strong,* 19 *Ga. App.* 401 (91 S. E. 579), to the effect that "evidence, admitted without objection, which supports what is in fact the same cause of action, although it might have been excluded on objection, may be sufficient to authorize a recovery, if, under the facts of the case, the petition could

by amendment have been so conformed to the proof as to render such testimony relevant," must be construed harmoniously with the other principle that a plaintiff is bound by the allegations of his petition, and can not recover upon a theory which is absolutely inconsistent therewith and which is thus disproved by the averments of the petition, considered as evidence in behalf of the opposite party. The rule to which we have just referred seems to be subject also to at least one other exception, which is that a plaintiff can not sue on an express contract and recover upon proof of a mere implied obligation, notwithstanding the petition might have been amended by the addition of a count based upon an implied contract. *Jackson* v. *Buice,* 132 *Ga.* 51 (63 S. E. 823) ; *Hancock* v. *Ross,* 18 *Ga.* 364; *Graham* v. *Jones,* 39 *Ga. App.* 610 (147 S. E. 902) ; *Citizens Bank* v. *Valdosta Mill & Elevator Co.,* 34 *Ga. App.* 713 (3) (131 S. E. 126) ; *Seaboard Air-Line Ry. Co.* v. *Henderson Lumber Co.,* 28 *Ga. App.* 391 (111 S. E. 220), and cit. This latter exception, however, would be immaterial in the present case unless the action should be construed as based upon a special contract; and the exceptions made do not require a construction of the petition in this regard.

The court erred in not admitting in evidence a letter written by the plaintiff to the defendant Will Terrell, the execution of which was duly proved, and in which appeared the following statement by the plaintiff: "Since I have left there I have been trying to get some of the family to assist me, but could not have any luck, so please let me know what you are going to do at once. I am sorry that I am having to worry you, but times is hard and work is scarce. It isn't work enough here for me to do to pay for a $1000.00 house. If you want pay for safekeeping the money, deduct what it is out and send me the rest." This letter tended at least to rebut the plaintiff's contention that the defendants did not find a house suitable to her.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

### ON MOTION FOR REHEARING.

BELL, J. The motion for a rehearing made in behalf of the defendant in error contains the following statement: "In our case the petition sets out a cause of action based upon the duty of defendants to return the $200 deposited with them by the plaintiff, and the right of the plaintiff to the return of said deposit, giving

as a reason why the said deposit should be returned that defendants had not found a satisfactory house as the defendants had promised to do. The evidence introduced by the defendants contradicted and differed from the reasons alleged by the plaintiff as to why her money should be returned, but it did not disprove the plaintiff's cause of action, that is, her right to the return of her money and the duty of the defendants to return it, nor did the defendants' evidence set forth any other reason why plaintiff should not recover. Instead, it conclusively showed other reasons why the plaintiff should recover; these other reasons— (1) that the contract shown by defendants' evidence and under which the defendants claimed the plaintiff's money was paid, was void and unenforceable because it was within the statute of frauds; and (2) because it was a contract for the private sale of land by an administrator of the estate of Squire Jones, without any compliance whatsoever with the requirements in Civil Code, §§ 4022, 4026. The court in its decision has apparently overlooked the above-mentioned points in the case and the authorities applicable thereto." This is the gist and substance of the motion, although the grounds stated are argued and elaborated, and authorities in support of the same are cited.

We will not add to what was said in the original opinion upon the subject of the statute of frauds. The other contention, namely, that the evidence established conclusively and without dispute that the house in question was the property of an estate, and thus could not be sold without a compliance with the law relating to administrator's sales, was not made in the argument or original brief of counsel for the defendant in error, but is brought to the attention of the court for the first time in the motion for a rehearing. We are therefore inclined to the view that this question was not in the mind of the trial judge and was not actually passed upon by him when he directed a verdict in favor of the plaintiff; and yet if for this reason the verdict for the plaintiff was as a matter of law demanded, it would have been the duty of this court to affirm the judgment, regardless of the reasoning of the trial judge or of the failure of the defendant in error to make the point in the brief or argument.

Assuming that a recovery upon this theory would have been permissible under the law and would not have been repugnant to the allegations of the petition, the plaintiff had the burden of establish-

ing the inability of the defendants to make title, and here again there was an issue for the jury. The plaintiff introduced no evidence whatever upon this subject, but it so happened that the evidence of the defendants indicated that the property belonged to an estate, and for the purposes of this discussion we will assume that the receipt for the purchase money was executed by the administrator of such estate, although it might be said that the words following the name of the maker of the receipt were merely descriptio personæ. Civil Code (1910), § 3570; *Nolin* v. *Mooty, 29 Ga. App.* 97 (113 S. E. 814). Proof that the receipt for the plaintiff's money was executed by an administrator, and that the property intended to be sold was the property of the estate represented by such administrator, would probably be sufficient to establish prima facie that the defendants were unable to convey the title to the property, since the law would prohibit a private sale of such property by the administrator. *Whitehurst* v. *Mason, 140 Ga.* 148 (78 S. E. 938). The evidence, however, did not stop at this point, but the defendant Will Terrell testified: "She [the plaintiff] admitted to me that the house was suitable, and I have always been ready and willing to get her the house that she accepted."

This evidence was perhaps opinionative, but was admitted without objection, and it could not be challenged for the first time upon review as incompetent and insufficient. *Bull* v. *Carpenter, 32 Ga. App.* 637, 640 (124 S. E. 381). The witness did not say that he was "able," but we think that as a matter of evidence the idea was included in the word "ready." One of the definitions of this word as given by Webster is, "Prepared for what one is about to do or experience; equipped or supplied with what is needed for some act or event; prepared for immediate movement or action."

Where no right of creditors is involved and the heirs to an estate are sui juris, they may come together and make good title to a purchaser. *Harris* v. *Seals, 29 Ga.* 585; *McCook* v. *Pond, 72 Ga.* 150; *Johnson* v. *Hall, 101 Ga.* 687, 689 (29 S. E. 37); *Williams* v. *Williams Co., 122 Ga.* 178 (4, 5) (50 S. E. 52, 106 Am. St. R. 100); Civil Code (1910), §§ 3929, 3934. So far as appears, this was legally possible in the present case, and, in view of the testimony of Will Terrell to the effect that he was ready and willing to get the house selected by the plaintiff, we are not prepared to hold that the evidence as a matter of law demanded the finding in

768

favor of the plaintiff upon the theory that the defendants had accepted her money for a house which they could not deliver.

The plaintiff sought to withdraw from the proposition for reasons not pertaining to the title, and, obviously, the money paid can not be reclaimed merely because the defendants have not actually tendered a good and sufficient deed or bond for title. *Chastain* v. *Platt,* 166 *Ga.* 307 (3) (143 S. E. 378); *Fraser* v. *Jarrett,* 153 *Ga.* 441 (3) (112 S. E. 487).

What we have said both in this and in the original opinion assumes, without deciding, that the defendant Will Terrell should stand in the same place as the other defendant as regards the matter of liability. If he was acting merely as a broker or agent and delivered the money over to the other defendant, it may be that the plaintiff's claim against the two defendants would rest upon different principles. See, in this connection, *Kenney* v. *Walden,* 28 *Ga. App.* 810 (113 S. E. 61); *Wright* v. *Bower,* 29 *Ga. App.* 687 (116 S. E. 341).

*Rehearing denied. Jenkins, P. J., and Stephens, J., concur.*