21572.   ESLINGER v. LAND, sheriff, et al.

STEPHENS, J.   1. Where a sheriff levied a justice's court fi. fa., without having demanded of the plaintiff the additional costs which, as provided in section 4915 of the Civil Code of 1910, he was entitled upon demand to receive before making the levy, and where, after making the levy, he released the property to the defendant in fi. fa. without taking the bond required by law, and damage resulted to the plaintiff, it was no defense, either for the sheriff or for the surety on the sheriff's official bond, when sued thereon for damages sustained by the plaintiff as a result of the sheriff's conduct, that the additional fee to which the sheriff was entitled for executing the justice's court process had not been paid to him in advance.  *Cooper* v. *Stonecypher*, 111 *Ga.* 818 (35 S. E. 675).

2. Where the sheriff levied a fi. fa. which issued upon the foreclosure of a chattel mortgage, and, upon the defendant's filing an affidavit of illegality, released the property to the defendant, without taking from him the replevy bond required under section 3301 of the Civil Code of 1910 of a defendant in fi. fa. when filing an affidavit of illegality to a mortgage foreclosure, but took a bond which was not a replevy bond as required by law, and the plaintiff suffered a loss because of the disappearance of the property levied upon, the plaintiff in fi. fa., upon the trial of a suit by him against the sheriff and the surety upon the sheriff's official bond, where it appeared from the evidence that the affidavit of illegality had been dismissed, prima facie the plaintiff suffered a loss as a result of the sheriff's conduct, and it was error to grant a nonsuit.  *Hightower* v. *Hodges*, 5 *Ga. App.* 408 (63 S. E. 541).  See, in this connection, *Brown*

v. *Webb*, 121 *Ga.* 281 (48 S. E. 917); *Sutton* v. *Griner*, 22 *Ga. App.* 307 (95 S. E. 1004); *Houston* v. *Howell*, 36 *Ga. App.* 330 (136 S. E. 474); 3 L. R. A. (N. S.) 420, note.

3. Where, as provided in the Civil Code, § 3301, the bond required of a defendant in fi. fa., who has filed an affidavit of illegality to the foreclosure of a chattel mortgage, is "conditioned for the return of the property when called for by the levying officer," a bond which provides that should the defendant in fi. fa. and the surety pay to the plaintiff in fi. fa., "all costs and damage incurred by the delay occasioned by the said contest in case the issue be found contestant, then this bond to be void, else of full force," is not the replevy bond required by that section of the Civil Code.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 2, 1932.

*William E. & W. Gordon Mann,* for plaintiff.
*McClure & McClure, T. G. Head,* for defendants.