### 34072. BRAND *v.* PRUITT.

DECIDED JUNE 19, 1952—REHEARING DENIED JULY 3, 1952.

*Marshall, Greene, Baird & Neely,* for plaintiff in error.
*Hudson & LeCraw, John H. Hudson,* contra.

GARDNER, P. J. ■ It will be noted that the defendant's defense is a general denial. He does not seek any affirmative relief nor does he vouch anyone into court so far as his defensive pleadings are concerned, but he denies in his defense everything in the petition except the residence of the defendant and the jurisdiction; and, so far as the general grounds are concerned, the evidence is sufficient to sustain the verdict. A verdict was not demanded for the defendant.

■ (a) Special grounds 1, 2, and 3 of the amended motion assigned error on the exclusion of certain evidence to the effect that the plaintiff either knew, or should have known, that he was not dealing with the defendant individually with respect to the equipment, but that he was dealing with the defendant as an officer and agent of Brand Brothers. The evidence in special ground 1 was with respect to Brand Brothers' listing in the telephone book. Special ground 2 deals with evidence as to the existence of the words "Brand Brothers" on the door of the equipment in question; and special ground 3 deals with the question as to whether the equipment was actually registered and licensed with the State in the name of "Brand Brothers." We

think that the court properly excluded this, under the petition and answer in this case. We think that the evidence was immaterial and irrelevant and aside from the issue made by the pleadings.

(b) Special grounds 4, 5, and 6: Special grounds 4 and 5 deal with the exclusion of the record of Brand Brothers showing that the $2000 in question was placed on the books of Brand Brothers some time after the day it was received from the plaintiff by the defendant. Special ground 6 deals with the exclusion of the charter of Brand Brothers. We cannot see how the court could have properly allowed this evidence, under the pleadings in this case. Just why should this be admissible in this case under the pleadings? The evidence shows that the truck was wrecked and destroyed before it was delivered in good order to the plaintiff and before his credit was approved. It seems that, if the defendant had received this $2000, as he did, and never delivered the equipment to the plaintiff, according to the terms of the contract made between the plaintiff and the defendant, the defendant could not escape liability on the ground that he was acting all through the transaction as the alter ego or agent for Brand Brothers. He did not mention any of these things in the receipt when he received the $2000 cash. Neither did he mention any of these things in his anwser. The equity of the whole thing appears to us to be that in equity and good conscience the defendant should not be allowed to evade liability by seeking to palm off on the plaintiff a third party unknown to the pleadings and to the receipt which the defendant filed and signed and issued respectively. It might be that such third party was not able to respond to the pleadings. While this may be speculative, in our opinion it is not more remote or speculative than the method of evasion of liability which the defendant seeks to inject into the situation. In this connection, counsel for the defendant have called our attention to the case of *Kenny* v. *Walden*, 28 *Ga. App.* 810 (113 S. E. 61). The defendant quotes somewhat extensively from this decision, but upon reading it, we find from the first part of the first sentence this: "It is the general rule that a proper payment to the authorized agent of a disclosed principal," etc. There is no disclosed principal in this case. That is one of the questions the jury were to deter-

mine, and they determined it adversely to the defendant. It is true that it is contended in these special grounds that the plaintiff knew, or ought to have known, that the defendant was acting for Brand Brothers, but the evidence in this record is not sufficient to show that the principal was disclosed.

In our opinion this case is controlled in principle by *Massee v. Stetson*, 27 *Ga. App.* 89 (107 S. E. 362). There, as here, there was only a general denial, and there, as here, the court refused to admit testimony seeking to bring in new matter not authorized by the defense of a general denial.

The court did not err, for any of the reasons assigned, in denying the motion for a new trial as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*